**CAPITOL INDEMNITY CORP.,**
Plaintiff,

v.

**FIRST MINNESOTA CONSTRUCTION
CO. et al.,**
Defendants.

Civ. A. No. 74–1682–T.

United States District Court,
D. Massachusetts.

Dec. 5, 1975.

Acheson H. Callaghan, Jr., Palmer & Dodge, Boston, Mass., for Lawyers Title Ins. Corp.

Michael F. Farrington, Boston, Mass., for Antonio De J. Cardozo.

## MEMORANDUM AND ORDER

TAURO, District Judge.

This is an action seeking declaratory relief brought by a surety company against six named defendants including the Secretary of Housing and Urban Development and the Massachusetts Housing Finance Agency. The suit arose out of the construction of an apartment project designed to meet housing needs of low and moderate income families. Numerous difficulties and delays had been encountered in the construction of this project.

On May 21, 1975, a Notice of Deposition was sent by the plaintiff to all parties giving notice that Antonio De J. Cardozo was to be deposed on June 10, 1975. Attached to this notice was a designation of materials to be produced by Mr. Cardozo pursuant to a subpoena duces tecum. Fed.R.Civ.P. 45. This subpoena, which was served on June 5, 1975, called for Mr. Cardozo to produce all documents in his possession relating to the construction of the apartment complex. Mr. Cardozo was the custodian for the records of the Freedom House Development Foundation, the developer of this project.

Mr. Cardozo was unable to produce the subpoenaed documents because he had previously given those documents to the United States Attorney's office pursuant to a subpoena issued on April 22, 1975, on behalf of a federal grand jury that was and is engaged in an investigation of possible criminal violations arising out of this construction project.

On March 10, 1975, the United States Attorney's office, as part of this grand jury investigation, sent a document entitled "Notice to All Parties of Possible Criminal Prosecution" to all parties in this civil action. At Cardozo's deposition on June 10, 1975, he pled the Fifth Amendment and refused to answer any questions concerning the construction project.

Plaintiff has filed a Motion for Leave to Examine and Copy Subpoenaed Documents that are now in the custody of the United States Attorney. The Government has opposed that motion, claiming that disclosure is barred by Rule 6(e) of the Federal Rules of Criminal Procedure. Plaintiff also moved for an order to compel answers propounded upon oral examination of Cardozo. Cardozo has opposed that motion, claiming that his Fifth Amendment rights would be violated if he is ordered to respond.

Following the hearing on these motions, an additional motion was filed by Assistant United States Attorney (AUSA) Marshall Stein, representing the Secretary of the Department of Housing and Urban Development (HUD). That motion seeks a clarification and declaration of the right to AUSA Stein to examine, copy and use all documents and transcripts of the grand jury proceedings in order to assist him in his capacity as counsel for HUD in this civil action.

## MOTION FOR LEAVE TO EXAMINE AND COPY DOCUMENTS

Rule 6(e) of the Federal Rules of Criminal Procedure provides:

Disclosure of matters occurring before the grand jury other than its deliberations and the vote of any juror may be made to the attorneys for the government for use in the performance of their duties. Otherwise [an] attorney . . . may disclose matters occurring before the grand jury only when so directed by the court . . . . . No obligation of secrecy may be imposed upon any person except in accordance with this rule.

The Government contends that Rule 6(e) prohibits the examination and copying of the designated documents presently before a pending grand jury. Plaintiff contends that the subpoenaed documents are not "matters occurring before the grand jury" and so do not fall within the prohibition of disclosure provided by Rule 6(e). Plaintiff contends that the discovery rules of the Federal

Rules of Civil Procedure give it an independent right to copy and examine that material. Fed.R.Civ.P. 30, 45.

Had the deposition of Cardozo been scheduled before the Government subpoenaed the records on April 22, 1975, plaintiff would have had an indisputable right to examine and copy those documents. The question posed in this case is whether the Government subpoena to Mr. Cardozo effectively insulates those documents from plaintiff's inspection, at least until the term of this grand jury has expired.

■ Although relevant cases are sparse, the court concludes that the Government subpoena for a grand jury investigation does not insulate the documents from use by plaintiffs in a related civil case. The analysis in *United States v. Interstate Dress Carriers, Inc.*, 280 F.2d 52 (2d. Cir. 1960), is particularly persuasive. In that case, records of Interstate Dress Carriers had been subpoenaed for use before a federal grand jury. The Interstate Commerce Commission (ICC) sought access to the records in connection with a civil investigation of the motor carrier's financial and business reports that were filed with the ICC. Application was made to the district court for the Southern District of New York which entered an order granting access. Interstate Dress Carriers appealed, claiming that disclosure of the material was barred by Rule 6(e). In affirming, the Second Circuit held that "such inspection does not constitute a 'disclosure of matters occurring before the grand jury' proscribed by Rule 6(e)." 280 F.2d at 53.

In reaching its result, the court noted the long history of secrecy of grand jury proceedings, and observed that such a rule was designed to prevent disclosure only of what took place or was said before the grand jury. Thus,

> However, it is not the purpose of the Rule to foreclose from all future revelation to proper authorities the same information or documents which were presented to the grand jury. Thus,

when testimony or data is sought for its own sake—for its intrinsic value in the furtherance of a lawful investigation—rather than to learn what took place before the grand jury, it is not a valid defense to disclosure that the same information was revealed to a grand jury or that the same documents had been, or were presently being, examined by a grand jury.

*United States v. Interstate Dress Carriers, Inc.*, 280 F.2d at 54.

■ In the present case, plaintiff's request seeks these documents for their own intrinsic value; not to discover what has transpired before the grand jury. Indeed, plaintiff did not know that the documents had been subpoenaed when the notice for Cardozo's deposition was sent out. It is apparent, therefore, that plaintiff is not trying to violate grand jury secrecy with a specious claim for discovery.

The Government's contention that ongoing grand jury proceedings could be disrupted if this material were required to be disclosed is not supported by the record. The civil litigants have requested specific documents the Government acknowledges are being reviewed by the grand jury. No violation of the secrecy of grand jury deliberations is involved. Moreover, the plaintiffs are willing to accept photocopies. Clearly the work of the grand jury would not be disrupted or delayed by allowance of the motion.

Accordingly, the court allows plaintiff's motion for leave to examine and copy subpoenaed documents and orders the United States Attorney to make available the subpoenaed documents to the plaintiff within fourteen (14) days.

## MOTION TO COMPEL ANSWERS

■ At the taking of his deposition, Cardozo pled the Fifth Amendment in response to questions that were posed regarding his involvement with the development project. Rule 26(b)(1) provides: "Parties may obtain discovery regarding any matter, *not privileged*

. . . ." (emphasis supplied). Cardozo had previously been put on notice that a criminal investigation was being conducted regarding the development project. That notice specifically and properly advised him of his Fifth Amendment right to remain silent. It is clear, therefore, that he had a rational basis for invoking that right when his deposition was taken. *See, e. g., Hoffman v. United States,* 341 U.S. 479, 486, 71 S.Ct. 814, 95 L.Ed. 1118 (1951); *Duffy v. Currier,* 291 F.Supp. 810, 814 (D.Minn.1968). Accordingly, plaintiff's motion to compel answer is denied.

## MOTION FOR CLARIFICATION

In this civil action, the defendant Secretary of HUD is represented by Assistant United States Attorney (AUSA) Marshall Stein. Prior to the hearing on these motions, the United States Attorney had permitted AUSA Stein to examine all documents and transcripts of the grand jury proceedings in aid of his preparation for this civil case. Following the hearing, the United States Attorney instructed AUSA Stein to refrain from using any of the grand jury material until this court had ruled on the pending motions. Accordingly, AUSA Stein notified those parties present at the taking of the deposition of one of the defendants, Henry Co. Boles, that he would not cross-examine as to information derived from his examination of the grand jury material until he had obtained a clarification from this court of his right to examine, copy and use the grand jury material. Unlike the plaintiff, he has not made a specific request to examine particular documents, but seeks permission to engage in a general search of all materials having any relation to the grand jury's deliberations.

At issue in this request for clarification is the construction to be given the first sentence of Rule 6(e) of the Federal Rules of Criminal Procedure: "Disclosure of matters occurring before the grand jury other than its deliberations and the vote of any juror may be made to the attorneys for the government for use in the performance of their duties." The term "attorneys for the government" means "the Attorney General, an authorized assistant of the Attorney General, a United States Attorney, an authorized assistant of a United States Attorney . . . ." Fed.R.Crim.P. 54 (c).

By its terms, Rule 6(e) authorizes the wide-ranging use of grand jury materials by Assistant U. S. Attorneys. But the question is whether this apparent authority is limited or abrogated by the fact that disclosure of this grand jury material to Stein is actually disclosure to a federal agency which would otherwise not be permitted such information.

> Our problem emerges from our inquiry as to how far the "Attorney for the government" exception to the secrecy principle may extend in view of the myriad situations in which the United States Attorney works with and through other government agencies in developing factual material for civil and criminal actions.

*In re Pflaumer & Sons, Inc.,* 53 F.R.D. 464, 468 (E.D.Pa.1971).

By permitting a "civil" assistant U. S. Attorney carte blanche to share the fruits of his "criminal" counterpart's grand jury inquiry, the twin dangers exist that the grand jury could be used improperly as a vehicle for civil discovery and that the secrecy of the grand jury's deliberations could be compromised.[1]

■ It is clear, beyond dispute, that the grand jury may not be used as a vehicle for civil discovery. If the Government used "criminal procedures to elicit evidence in a civil case . . . it would be flouting the policy of the law." *United States v. Procter & Gamble Co.,*

---

1. This court is merely pointing out the potential for harm and is in no way questioning the integrity or intentions of the United States Attorney or his assistants.

356 U.S. 677, 683, 78 S.Ct. 983, 987, 2 L.Ed.2d 1077 (1958); see *In re April 1956 Term Grand Jury*, 239 F.2d 263 (7th Cir. 1956); *United States v. Doe*, 341 F.Supp. 1350 (S.D.N.Y.1972).

AUSA Stein has already used grand jury material in conducting his cross-examination of the defendant Boles. Insofar as his questions were based on testimony elicited before the grand jury, the danger of improper disclosure of proceedings currently in progress before the grand jury is apparent.

None of the cases cited by AUSA Stein in his memorandum address the precise problem at hand. Most deal with the use of grand jury materials in civil proceedings after its investigation has terminated. *E. g., State of Washington v. American Pipe & Construction Co.*, 41 F.R.D. 59 (U.S.D.C.1966); *In re Grand Jury Investigation (General Motors Corp.)*, 32 F.R.D. 175 (S.D.N.Y. 1963); *United States v. General Electric Co.*, 209 F.Supp. 197 (E.D. Pa.1962); *In re Petroleum Industry Investigation*, 152 F.Supp. 646 (E.D.Va. 1957) (dicta). Two other cases cited dealt with disclosure of grand jury material to Internal Revenue Service agents who were assisting the United States Attorney in determining whether there had been criminal and civil violations. *In re July 1973 Grand Jury*, 374 F.Supp. 1334. (N.D.Ill.1973); *In re Pflaumer & Sons, Inc.*, 53 F.R.D. 464 (E.D.Pa. 1971). *But see United States v. Doe*, 341 F.Supp. 1350 (S.D.N.Y.1972).

Although both of these cases permitted access to IRS agents, in neither case were civil proceedings commenced during an ongoing grand jury investigation. No case providing the United States Attorney free rein to use grand jury material in his preparation of a civil case while the grand jury investigation is still pending has been brought to the court's attention or disclosed by the court's research.

In a strongly-worded opinion, Judge Frankel cautioned against the dual use of grand jury material for criminal and civil proceedings. In denying the United States Attorney request that IRS agents be permitted access to grand jury material for the purpose of determining criminal or civil liability, he wrote

It is my conclusion . . . that the grand jury's role is properly confined, and amply respected, when it is held empowered to conduct investigations that are *in their inception exclusively criminal*. To hold otherwise— to confer court approval upon the kind of concurrent criminal and civil inquiries projected by the instant application—would expand the already awesome powers of the grand jury beyond tolerable limits.

*United States v. Doe*, 341 F.Supp. 1350, 1352 (S.D.N.Y.1972).

Faced with similar issues, other courts have either suppressed the documents in the civil case, *e. g., In re April 1956 Term Grand Jury*, 239 F.2d 263, 272 (7th Cir. 1956), or more frequently, permitted equal access to the grand jury material, *e. g., United States v. Procter & Gamble Co.*, 187 F.Supp. 55, 64 (D. N.J.1960). Neither of these after the fact approaches would appear as clear, certain and equitable as a rule precluding concurrent civil access to grand jury material without permission of the court.

It is true, of course, that many or most areas of law enforcement involve the alternate or cumulative prospects of both civil and criminal proceedings by the Government. But this is no justification for allowing the intentional use of a strictly criminal weapon (with a potency supposedly justified by its grave function) for the combined purposes.

*United States v. Doe*, 341 F.Supp. at 1352.

The aforesaid concerns are aggravated by the fact that in this case the United States Attorney's civil client is an administrative agency. Necessarily the case will be reviewed with HUD officials and attorneys. It is questionable whether such review should include grand jury material.

If it had been intended that the attorneys for the administrative agencies were to have free access to matters occurring before a grand jury, the rule [Rule 6(e)] would have so provided.

*In re Grand Jury Proceedings,* 309 F.2d 440, 443 (3rd Cir. 1962) (denying FTC access to grand jury material). *See United States v. General Electric Co.,* 209 F.Supp. 197 (E.D.Pa.1962) (denying attorneys for the Tennessee Valley Authority access to grand jury material).

Permitting an administrative agency access to grand jury material while the grand jury is still conducting its investigation creates a number of potential problems among them being erosion of congressional limitation on agency power, the possible chilling effect on potential witnesses and undue agency influence on the course of grand jury inquiry.

The more common occasion for administrative agency access to grand jury material is where the agency assists the United States Attorney in its presentment or evaluation. But even in such limited and controlled circumstances "[i]t is impossible to delineate, either from . . . the cases, or the Rule itself just what 'types' of government agencies may, for purposes of Rule 6(e), assist the United States Attorney." *In re Pflaumer & Sons, Inc.,* 53 F.R.D. 464, 475 n. 30 (E.D.Pa.1971).[2]

And so, this court holds that the United States Attorney may not permit his assistants to use grand jury material in connection with this civil case while the grand jury is conducting its investigation. Upon application to the court by one or more parties to the civil litigation and upon a showing of particularized need, similar to the request already made by the plaintiffs, the court may grant such access to grand jury material as it deems equitable and appropriate.

So ordered.

2. The problem is discussed in detail in a comprehensive law review article. Note,

*Administrative Agency Access to Grand Jury Materials,* 75 Colum.L.Rev. 162 (1975).