January 26, 1979

# 79-9  MEMORANDUM OPINION FOR ASSISTANT ATTORNEY GENERAL, CIVIL DIVISION

## Grand Jury—Disclosure—Rule 6(e), Federal Rules of Criminal Procedure

You have requested our opinion on the question whether grand jury materials or information derived from grand jury materials may be disclosed to attorneys in the Civil Division for use in civil proceedings, absent court order. As you note, this is an important question, since grand jury investigations often produce information or evidence that is useful in civil cases.

Rule 6(e) of the Federal Rules of Criminal Procedure forbids the disclosure of grand jury materials[1] except in certain circumstances. The rule recognizes four exceptions to this general prohibition. Disclosure of grand jury materials may be made pursuant to court order (1) preliminary to or in connection with a judicial proceeding, or (2) at the request of the defendant upon showing that grounds may exist for dismissal of the indictment (*see* Rule 6(e)(3)(C)(i) and (ii)); and absent court order, disclosure may be made (3) to Government personnel deemed necessary by an attorney for the Government to assist the attorney in the performance of his duty to enforce Federal criminal law, or (4) to an attorney for the Government for use in the performance of his duty (*see* Rule 6(e)(3)(A)(i) and (ii)).

Your question implicates the last of these exceptions, the exception for disclosure to an attorney for the Government for use in the performance of his duty. In a nutshell, the issue is whether a disclosure of grand jury materials to an attorney in the Civil Division for use in a civil case is a disclosure to "an attorney for the Government for use in the performance of such attorney's duty" within the meaning of subsection (3)(A)(i) of Rule 6(e).

---

[1] We use the phrase "grand jury materials" as shorthand for the statutory phrase "matters occurring before the grand jury." The Rule prohibits the disclosure of "matters occurring before the grand jury." *See, United States* v. *Interstate Dress Carriers, Inc.,* 280 F. (2d) 52 (1960).

Rule 6(e) has been amended recently, but the language of subsection (3)(A)(i) is identical to language that was contained in the old Rule. Like the new Rule, the old Rule permitted disclosures to be made to attorneys for the Government for use in the performance of their duties. The old Rule was interpreted by this Office as permitting Department of Justice attorneys to use grand jury materials for civil purposes absent court order,[2] and the courts so held.[3]

We know of no reason to support that the recent amendment to the Rule was intended to change this result. The relevant language was retained without modification, and the legislative history contains no suggestion of a contrary intention. We have been referred to a recent decision in the Fifth Circuit that confirms this conclusion. *See, In re Grand Jury, Miscellaneous No. 979,* 583 F. (2d) 128 (5th Cir., Oct. 18, 1978). In our opinion, Rule 6(e)(3)(A)(i) permits grand jury materials or information derived from them to be disclosed to attorneys in the civil division for use in civil proceedings without court order.

We would like to add a word of caution. To some degree, the rule of secrecy is designed to promote the efficiency of the grand jury, but the Rule is also designed to prevent this powerful and intrusive process from being misused. The Rule permits intradepartmental disclosures for civil purposes, but we must remember that whenever grand jury materials are disclosed for civil purposes, they are disclosed for purposes that could not, under our law, justify the use of the grand jury in the first instance. For this reason among others, whenever their permission is required, the courts are often reluctant to permit civil disclosures to be made during the pendency of a grand jury investigation. Plainly, the appearance and the possibility of misuse are greatest if a civil case can proceed simultaneously with a criminal investigation, drawing life from information or evidence developed in the grand jury room. *See, e.g., Capitol Indemnity Corp.* v. *First Minn. Const. Co.,* 405 F. Supp. 929 (1975).

We think that the problem of contemporaneous disclosure is substantial even in the context of intradepartmental disclosures. There is no rule of law that would require a civil disclosure within the Department to be deferred until the relevant criminal investigation had been completed; but unless there is a genuine need for disclosure during the pendency of the grand jury investigation, it might well be the better practice to forestall disclosure until the grand jury is discharged. This is the course of prudence. Most of the reasons for the rule of secrecy fall away once the grand jury is discharged, *see, Grand Jury, Miscellaneous No. 979, supra*; and claims of misuse are easier to rebut if there is no obvious risk that the path of a grand jury investigation was directed by civil concerns. That risk diminishes if the rule of secrecy is not suspended until after the grand jury's work is done.

---

[2] *See* Memorandum dated December 21, 1961, to the Deputy Attorney General.
[3] *See, e.g., United States* v. *Proctor & Gamble Co.,* 356 U.S. 677 (1958).

Where there is a genuine need for grand jury material before the grand jury's investigation has reached its conclusion, you may wish to consider taking steps to assure that there will be no foundation for making the claim that the civil interests of the Government shaped the direction of the criminal grand jury investigation. This could be done, for instance, by restricting the civil attorneys in their contacts with the attorneys handling the grand jury investigation and limiting the civil attorneys to performing the more passive role of simply receiving requested information.

LARRY A. HAMMOND
*Deputy Assistant Attorney General*
*Office of Legal Counsel*