In the Matter of the Application of SJC MANUFACTURING CORP., Applicant, for an Order Quashing the Summons Issued by Respondent Internal Revenue Service to Respondent Nassau County Police Department or Representative(s) thereof and Restraining Respondents Nassau County Police Department and Denis Dillon, District Attorney for the County of Nassau, and all Their Agents and Representatives, from Complying with that Summons.

UNITED STATES of America and Special Agent George Nass, Petitioners,

v.

Samuel J. ROZZI, Commissioner of Police Department, Nassau County, Respondent.

Nos. 78C 1637, 78C 1703.

United States District Court, E. D. New York.

Sept. 11, 1979.

Trubin, Sillcocks, Edelman & Knapp, New York City by Richard E. Hershenson, New York City, for proposed intervening respondents SJC Manufacturing Corp. and Irving Wildman.

Edward R. Korman U. S. Atty., E. D. N. Y. by Ralph L. McMurry and Rodger C. Field, Asst. U. S. Attys., Brooklyn, N. Y., Louis Schultz, Sr., Deputy County Atty., Mineola, N. Y., Denis Dillon, Dist. Atty., Nassau County, Mineola, N. Y. by Robert Straus and Michael P. Smith, Port Washington, N. Y., for Samuel J. Rozzi.

### MEMORANDUM AND ORDER

PLATT, District Judge.

The above matters arose out of the issuance and service on July 25, 1978, of an Internal Revenue Service ("IRS") summons on the above named respondent. The summons directed respondent to give testimony concerning the tax liability of SJC Manufacturing Corporation ("SJC") and to produce certain SJC corporate books and records which were allegedly in respondent's possession, for the fiscal years ending July 31, 1976 and July 31, 1977. By an order to show cause, SJC moved to quash the summons.

The IRS moved (in 78 C 1637) for an order dismissing SJC's application to quash on the grounds that (i) this Court lacked jurisdiction, (ii) sovereign immunity bars the motion and (iii) the proper procedure for contesting the enforcement of an IRS summons is the statutory procedure established by Congress set forth in 26 U.S.C. §§ 7402, and 7604.

Simultaneously, the IRS filed, obtained and served on the respondent an order to show cause (in 78 C 1703) why respondent should not be compelled to comply with the IRS summons and why, pending determination by this Court, respondent should not be enjoined from returning or permitting the return to SJC of the books and records sought.

Thereafter, SJC and Irving Wildman moved for (i) an order pursuant to Rule 24 of the Federal Rules of Civil Procedure ("FRCP") permitting SJC and Irving Wildman to intervene as respondents in 78 C 1703 and, for (ii) an order pursuant to Rule 30, F.R.C.P., permitting SJC and Irving Wildman to take the depositions of the ap-

propriate IRS agents or, requiring a hearing at which SJC and Irving Wildman can cross examine such agents.

This Court held several hearings on these applications and at one point was under the impression that the parties had resolved their differences and/or that criminal prosecution of one or both of the proposed intervenors might result in the issuance of a grand jury subpoena calling for the production of the very same corporate books and records. On July 20, 1979, however, counsel for the Government and for the intervenors assured the Court that such was not the case and requested a determination of the question whether the Internal Revenue summons issued by Commissioner Rozzi should be quashed based on the submissions theretofore made to the Court.

Special Agent Nass has filed an affidavit with this Court in which he states, *inter alia*, that in his capacity as a Special Agent he is "conducting, together with a Revenue Agent of the Audit Division, an investigation, one purpose of which is to ascertain the correctness of the tax returns filed by SJC Manufacturing Corp. for the fiscal years ended July 31, 1976 and July 31, 1977 . . . .. This is a joint investigation conducted by the Examination and Criminal Investigation Divisions. The investigation is continuing. No recommendation for criminal prosecution has been made by the Internal Revenue Service to the Department of Justice with respect to the matters under investigation . . . [and he has] not yet made, and [is] not yet in a position to make any recommendation one way or the other to his supervisor pending further investigation . . . .. As part of this investigation . . . [he] caused to be issued" the summons in question. (Affidavit of George Nass, August 4, 1978).

Counsel for the moving intervenors contends that (i) the Internal Revenue Service summons was not issued in good faith in that it failed to comply with the requirements of 26 U.S.C. § 7605(b) because the IRS failed to give the required written notice to SJC of the issuance of the summons; (ii) the IRS summons was otherwise issued in bad faith in that (a) the IRS already has the requested information in its possession and (b) the summons was issued in connection with an investigation of Irving Wildman against whom the IRS has already recommended criminal prosecution and was issued to pressure Wildman to settle that dispute; (iii) the IRS summons seeks the production of books and records seized from SJC by the Nassau County Police Department in violation of SCJ's constitutional rights; (iv) the IRS summons requires the production of evidence before a grand jury which is secret and may not be revealed except by order of the State Court in charge of the grand jury.

Counsel for the moving intervenors admits that Irving Wildman is not an officer of SJC but claims that "he is actively associated with SJC and is responsible for running the operations of SJC." (Hershenson Affidavit, August 29, 1978).

In essence, SJC argues that the Internal Revenue Service summons was not issued in good faith because (i) the IRS has already recommended the criminal prosecution of Irving Wildman; (ii) the IRS summons constituted a request for a second inspection without written notice and (iii) because the IRS already has the requested information in its possession.

The short answer to the proposed intervenors' first argument is that SJC and Irving Wildman are two separate entities and that the IRS is indisputably conducting separate investigations of SJC by both its Examination and Criminal Investigation Divisions and to date no recommendation for criminal prosecution has been made by the IRS to the Department of Justice with respect to its investigation of SJC. Under the authorities, issuance, service and enforcement of Internal Revenue summonses under such circumstances is perfectly proper. *United States v. LaSalle National*

Bank, 437 U.S. 298, 98 S.Ct. 2357, 57 L.Ed.2d 221 (1978); *United States v. Chemical Bank*, 593 F.2d 451 (2d Cir. 1979); *United States v. Morgan Guaranty Trust Co. & Keech*, 572 F.2d 36 (2d Cir.), *cert. denied*, 439 U.S. 822, 99 S.Ct. 89, 58 L.Ed.2d 114 (1978). Under the facts presented here, the fact that the IRS has been investigating Mr. Wildman's personal tax returns and has recommended his criminal prosecution is irrelevant.

26 U.S.C. § 7605(b) provides that

"No taxpayer shall be subjected to unnecessary examination or investigations, and only one inspection of a taxpayer's books of account shall be made for each taxable year unless the taxpayer requests otherwise or unless the Secretary or his delegate, after investigation, notifies the taxpayer in writing that an additional inspection is necessary."

Section 4023 *et seq.*[1] of the Internal Revenue Service Manual treats the notice requirement in the above section of the Code as applying only when a case has been closed and there are grounds for reopening the case. Such is not the case here.

■ The general rule appears to be that under § 7605(b) notice is not required so long as the summoned information is sought as part of an ongoing investigation. This rule applies particularly where, as here, the Internal Revenue agent has not seen all the records he requested. *United States v. Gilpen*, 76–2 USTC ¶ 9636 (7th Cir. 1976); *United States v. Interstate Tooling Engineering Corp.*, 526 F.2d 59 (7th Cir.

1975); *United States v. Schwartz*, 469 F.2d 977 (5th Cir. 1972); *Cf. United States v. Fordin*, 72–2 USTC ¶ 9618 (EDNY 1972); *United States v. DeLuca*, 38 AFTR 2d 72–5772 (EDNY 1972); *aff'd*, 31 AFTR 2d 73–1310 (2d Cir. 1973). Special Agent Nass filed a supplementary affidavit herein in which he states that he has not been given all of the bills of lading which he has heretofore requested and that he "has reason to believe, as a result of his conversation with Nassau County law officials on July 12, 1978 . . . that the books and records seized by the Nassau County law enforcement authorities may include books and records not previously examined by me in the course of the instant investigation." (Supplementary Affidavit of George Nass, September 6, 1978). Such being the case, there is no merit to SJC's arguments on these points.

■ The remaining two arguments made by SJC may be dismissed even more summarily. There is no merit to SJC's claim that the IRS summons should not be enforced because the books and records requested were seized by State authorities allegedly in violation of SJC's claimed constitutional rights. Corporate books and records as such enjoy no Fifth Amendment privilege.[2] *Bellis v. United States,* 417 U.S. 85, 94 S.Ct. 2179, 40 L.Ed.2d 678 (1974); *In re Grand Jury Proceedings,* 576 F.2d 703 (6th Cir.), *cert. denied,* 439 U.S. 830, 99 S.Ct. 106, 58 L.Ed.2d 124 (1978); *Coson v. United States,* 533 F.2d 1119 (9th Cir. 1976).

---

1. Section 4203 *et seq.* of IRS Manual includes the following:

    "4023
    Reopening of Closed Cases
    "4023.1
    Reexamination Notice to Taxpayers
    (1) IRC 7605(b) provides that 'No taxpayer shall be subjected to unnecessary examination or investigations, and only one inspection of a taxpayer's books of account shall be made for each taxable year unless the taxpayer requests otherwise or unless the Secretary or his delegate, after investigation, notifies the taxpayer in writing that an additional inspection is necessary.'
    (2) When a reexamination of the taxpayer's books and records is necessary, Letter

939 (DO/10) (formerly L–153), signed by the District Director, or by the Director of International Operations in cases under his/her jurisdiction, will be delivered to the taxpayer by the examiner at the time the reexamination is begun.
    (3) Service procedures for reopening closed cases are stated in Rev.Proc. 74–5, 1974–1 C.B. 416."

2. And, even if they were still in the possession of SJC, they would still be subject to an IRS summons. *A fortiori*, they may be summoned from a third party such as the respondent herein.

Finally, SJC argues that the summons may not be enforced because it is a request for production of evidence which is before a grand jury and which is therefore secret and only may be disclosed by direction of the Court which is in charge of the grand jury. This argument might be raised by the Nassau County Supreme Court in charge of the grand jury or by the Nassau County District Attorney, but it is clearly not available to SJC here. SJC books and records do not attain a secrecy or an immunity from inspection by the IRS merely by virtue of their examination by a State grand jury.

With respect to SJC's request for discovery and/or an evidentiary hearing, SJC has only advanced bare assertions that the investigation is solely for criminal purposes, that the books and records have already been examined by a Revenue Agent and that a criminal prosecution has been recommended with respect to another individual. The United States Supreme Court has held that a "taxpayer must make a substantial preliminary showing before even limited discovery need be ordered." *United States v. Morgan Guaranty Trust Co. & Keech,* 572 F.2d 36, 43 at fn. 9 (2d Cir. 1978), interpreting *Donaldson v. United States,* 400 U.S. 517, 527, 91 S.Ct. 534, 540, 27 L.Ed.2d 580 (1971); *United States v. Hamroff & Chaney & Co., Inc.,* 41 A.F.T. R.2d 78–1286 (EDNY, April 4, 1978). SJC has made no such showing here.

Accordingly, petitioners' application for an order directing respondent in the second of the above actions to comply with the terms of the Internal Revenue Service summons served upon him must be and the same in the second proceeding hereby is granted in all respects and SJC's application to intervene and quash said summons in both of the above-captioned proceedings must be, and the same hereby is, dismissed and denied.