SPA FLYING SERVICE, INC. and Jess P. Kimball, Appellants,

v.

UNITED STATES of America, J. Lynn Helms, Administrator, Federal Aviation Administration, Joseph A. Kovarik, Regional Counsel, Federal Aviation Administration, John E. Hemmert, Jr., Chief, Little Rock GADO—Federal Aviation Administration, James W. Butler, Inspector, Federal Aviation Administration, Appellees.

No. 83–2106.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 30, 1983.

Decided Jan. 5, 1984.

Paul R. Bosson, Hot Springs, Ark., for appellants.

W. Asa Hutchinson, U.S. Atty., Larry R. McCord, Asst. U.S. Atty., Fort Smith, Ark., for appellees.

Before HENLEY, Senior Circuit Judge, and John R. GIBSON and FAGG, Circuit Judges.

PER CURIAM.

Spa Flying Service, Inc. ("Spa") appeals from dismissal with prejudice of its complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6). The Federal Aviation Administration had subpoenaed Spa's financial records from its bank. Suing under the Right to Financial Privacy Act of 1978, 12 U.S.C. § 3401 et seq., Spa claimed protection from such governmental intrusion. The district court found, however, that the Act does not protect corporations. The single issue stated on appeal is whether the Act applies to corporations. We affirm.

The Act requires that before financial institutions disclose their customers' records to the government, a proper administrative subpoena must reasonably describe the records and the customer must authorize disclosure. 12 U.S.C. § 3402. Legislative history of the Act suggests that this provision mediates between society's interest in law enforcement and customers' interest in privacy. 1978 U.S.Code, Cong. & Ad.News, 95th Cong., 2d Sess., 9305.

The Act's definitions preclude protection of corporate financial records. The "Customer" who must authorize disclosure is "any *person* or authorized representative of that person who utilized or is utilizing any service of a financial institution * * *." 12 U.S.C. § 3401(5). "Person" means "an individual or partnership of 5 or fewer individuals." 12 U.S.C. § 3401(4) (emphasis added). Thus, the Act unambiguously limits its protection to customers and small partnerships. In response, Spa observes that the presumption governing definitions in the United States Code provides that "person" includes corporations unless the context of the Act requires otherwise. 1 U.S.C. § 1. In this case, however, the negative inference arising from the Act's definitions is unmistakable: corporations are excluded because they are not specifically enumerated.

Affirmed.