**UNITED STATES of America, Plaintiff,**

v.

**Frans J. THERON, Defendant.**

No. 85–20068–02.

United States District Court,
D. Kansas.

May 11, 1987.

Benjamin L. Burgess, U.S. Atty., Richard L. Hathaway, Asst. U.S. Atty., Topeka, Kan., for plaintiff.

Bruce C. Houdek, Kansas City, Mo., William W. Robertson, Peter B. Bennett, Hannoch, Weisman, P.C., Roseland, N.J., for defendant.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

Defendant Frans J. Theron, one of twelve defendants in this criminal matter (commonly referred to as the "Culture Farms" case) has moved for reconsideration of the court's order authorizing the trustee in bankruptcy for Culture Farms, Inc., and Activator Supply Company, Inc., to inspect and copy bank and other financial records presented to the grand jury. *United States v. Stemm,* No. 85–20068–01 (D.Kan., *unpublished,* Mar. 12, 1987) [Available on WESTLAW, DCT database]. We shall deny the motion.

## I. *Background*

In this mail fraud case, the government alleged that the defendants engaged in a scheme and artifice to defraud "growers" of milk cultures by representing that the milk cultures could be grown and sold at a substantial profit to Culture Farms, Inc. ["Culture Farms"]. The defendants told the growers that Culture Farms would sell the dried cultures to another company, which, they said, would use the cultures to produce cosmetics. The government further charged that the defendants created several companies, which they secretly controlled, to give the appearance that the companies were dealing with each other at arms length. Two of those companies were Culture Farms, Inc. ["Culture Farms"] and Activator Supply Company, Inc. ["Activator Supply"]. All twelve of the defendants have pleaded guilty and have been sentenced.

Both Culture Farms and Activator Supply are now in bankruptcy. The trustee in bankruptcy for the bankruptcy estates is Christopher J. Redmond. On January 5, 1987, Redmond moved the court for an order authorizing him to review certain documents that had been presented to the grand jury. In particular, he sought, as the representative of the bankruptcy estates, to inspect and copy the bank records and other financial records of Culture Farms, Activator Supply, and the defendants. In support of his motion, Redmond stated that his review of various books and records of Culture Farms and Activator Supply led him to believe that there had been extensive commingling of funds between those two companies and other entities and persons. In addition, Redmond stated that there is evidence indicating that at least $15 million was transferred to overseas accounts in the Netherland Antilles, the Grand Cayman Islands, the Isle of Mann, and Zurich. He argued that he needed to obtain the bank records that were presented to the grand jury to trace these funds. On March 12, 1987, the day three of the final four defendants were sentenced, we granted Redmond's motion. Frans Theron subsequently filed the instant motion for reconsideration.[1]

## II. *Analysis*

In his motion, Theron raises two separate arguments. First, he argues that disclosure of the grand jury records to the bankruptcy trustee violates the secrecy provisions of Rule 6(e) of the Federal Rules of Criminal Procedure. Second, he maintains that disclosure of the defendants' bank records violates the Right to Financial Privacy Act. 12 U.S.C. §§ 3401–22. We shall address his arguments seriatim.

### A. *Rule 6(e)*

■ Rule 6(e), the grand jury secrecy provision, does not prohibit disclosure of the records in question to the bankruptcy trustee for at least two reasons. First, the records are not privileged grand jury materials that fall within the rule's prohibition against disclosure of information. As the Tenth Circuit noted in *United States ex rel. Woodard v. Tynan*, 757 F.2d 1085 (1985), the rule is designed only to prevent disclosure "of what is said or what takes place in the grand jury room." *Id.* at 1087 (quoting *United States v. Interstate Dress Carriers*, 280 F.2d 52, 54 (2d Cir.1960)). Thus, although the rule may, under some circumstances, proscribe the disclosure of documents,

> it is not the purpose of the Rule to foreclose from all future revelation to proper authorities the same information or documents which were presented to the grand jury. *Thus, when testimony or data is sought for its own sake—for its intrinsic value in the furtherance of a lawful investigation—rather than to learn what took place before the grand jury*, it is not a valid defense to disclosure that the same information was re-

1. We shall assume, without deciding, that Theron has standing to argue against disclosure. At least one court has hinted that perhaps only the government, "which is the custodian of the records and the protector of grand jury secrecy," may object to disclosure. *In Re Grand Jury Investigation*, 630 F.2d 996, 998 n. 2 (3d Cir. 1980).

vealed to a grand jury or that the same documents had been, or were presently being, examined by a grand jury.

*Tynan,* 757 F.2d at 1087 (quoting *Interstate Dress Carriers,* 280 F.2d at 54). *See also In Re Grand Jury Investigation,* 630 F.2d 996, 1000–01 (3d Cir.1980), *cert. denied,* 449 U.S. 1081, 101 S.Ct. 865, 66 L.Ed.2d 805 (1981); *Cumis Insurance Society, Inc. v. South-Coast Bank,* 610 F.Supp. 193, 198 (N.D.Ind.1985).

Here, the trustee's request falls precisely within the Tenth Circuit's holding in *Tynan:* he seeks the records for their intrinsic value. That is, he needs them only to trace the funds that were diverted to overseas accounts so that he can marshal as much of the assets of the estates as possible for the benefit of the creditors.

■ Second, even if Rule 6(e) generally applies here, disclosure of the requested documents is authorized under one of the express exceptions to that rule. Rule 6(e)(3)(C)(i) provides:

(C) Disclosure otherwise prohibited by this rule of matters occurring before the grand jury may also be made—

(i) when so directed by a court *preliminary to or in connection with a judicial proceeding.*

Under this subdivision, disclosure may be made only if the party requesting the materials makes a strong showing of particularized need, *United States v. Sells Engineering, Inc.,* 463 U.S. 418, 443, 103 S.Ct. 3133, 3148, 77 L.Ed.2d 743 (1983), and if the use to which the materials are sought is "related fairly directly to some identifiable litigation, pending or anticipated." *United States v. Baggot,* 463 U.S. 476, 480, 103 S.Ct. 3164, 3167, 77 L.Ed.2d 785 (1983).

Theron does not deny that the trustee seeks the documents for use in pending litigation: the bankruptcy cases of both Culture Farms and Activator Supply. He does, however, argue that the trustee has not shown a particularized need for the documents. We disagree.

The Supreme Court has established the required showing. To demonstrate a particularized need, the party requesting the materials must show that the materials are "needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that [the] request is structured to cover only material so needed. . . ." *Sells Engineering,* 463 U.S. at 443, 103 S.Ct. at 3148 (quoting *Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 211, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979)).

The trustee's request—perhaps as clearly as any request could—meets all of these requirements. From the evidence already available to the trustee, he has stated that it appears that the defendants and their related companies engaged in numerous fraudulent transactions and preferential transfers. The statute of limitations on the preferential transfers requires the trustee to act by September of 1987, only a few months from now. Thus, if he is forced to seek the financial records from each of the dozens of banks through which the defendants channeled the money, he likely will be unable to trace the transfers before the statute of limitations period ends. Certainly, it would be extremely unjust—and the height of irony—to allow defendants to prevent disclosure of the records to the trustee in time to enable him to trace the funds for the benefit of the creditors merely because a federal grand jury had examined the records in the course of its investigation of the defendants' criminal wrongdoing.

For much the same reason, the need for disclosure outweighs the need for continued secrecy. As we have stated, the trustee requires the records as soon as possible to avoid a statute of limitations problem. On the other hand, the need for continued secrecy is minimal. The grand jury has long since completed its work (over a year and a half ago), and release of the documents will not reveal the identity of any witness or in any way deter future witnesses from being candid with other grand juries.

And, finally, despite Theron's assertion to the contrary, the trustee's request is no

broader than necessary. He seeks—and the order granted him—access to financial records that are "reasonably calculated to lead to the discovery of ... when and where assets of Culture Farms, Inc., and Activator Supply Company, Inc., were transferred ... and where those assets may be traced ..." *Stemm*, No. 85–20068–01, slip op. at 4–5 (Mar. 12, 1987) [Available on WESTLAW, DCT database]. The court fails to perceive how that order could have been more narrowly tailored to accommodate the trustee's need to trace the funds and, indeed, Theron does not even attempt to suggest how it could have been narrowed.

Accordingly, we conclude that, because the trustee seeks the records for their intrinsic value and not to learn what took place before the grand jury, Rule 6(e) does not bar their release. In the alternative, even if Rule 6(e) applies, the provisions of Rule 6(e)(3)(C)(i) authorize disclosure of the records in question.

■ Before turning to the second major issue raised by Theron, we note that he argues that the court should at least stay its order authorizing the trustee to copy the record until after the defendants' appeals have been decided. But he does not cite a single case to support his stay request and we conclude that there is no satisfactory reason to grant it. Many courts have authorized the release of grand jury materials well before the appeal process has ended; often before the grand jury has completed its investigation. *See, e.g.*, *In Re Grand Jury Investigation*, 630 F.2d at 998–1001; *In Re SJC Mfg. Corp.*, 479 F.Supp. 647, 651 (E.D.N.Y.1979); *Capitol Indemnity Corp. v. First Minnesota Constr. Co.*, 405 F.Supp. 929, 931 (D.Mass. 1975). In fact, the Tenth Circuit, as we quoted above, has stated that when documents are sought for their intrinsic value, "it is not a valid defense to disclosure that the same ... documents had been, or *were presently being*, examined by a grand jury." *Tynan*, 757 F.2d at 1088 (emphasis added). Of course, if documents that the grand jury is contemporaneously examining may be made available to third par-

ties, then there can be no *requirement* that the court wait until after the appeal process has been completed to authorize disclosure. Nor *should* the court wait when, as here, delay would greatly prejudice the party making the request for release of the documents.

B. *The Right to Financial Privacy Act*

Theron's second argument is that disclosure of the bank records, which were obtained pursuant to subpoenas, violates the Right to Financial Privacy Act ["the Act"]. 12 U.S.C. §§ 3401–22. For several reasons, we disagree.

■ First, the Act does not apply to corporate records and the bulk of the records sought are the records of the two debtor-corporations: Culture Farms and Activator Supply. Sections 3402 and 3403, together, prohibit the disclosure to government authorities of information contained in the financial records of a customer of a financial institution. A "customer" is defined as "any *person* or authorized representative of that person who utilized ... any service of a financial institution...." 12 U.S.C. § 3401(5) (emphasis added). A "person," in turn, is defined as "an *individual* or a *partnership* of five or fewer individuals." *Id.* at § 3401(4) (emphasis added). Hence, the Act does not bar disclosure of the records of corporations such as Culture Farms and Activator Supply. *See also Spa Flying Service, Inc. v. United States*, 724 F.2d 95 (8th Cir.1984).

■ Second, concerning the records of the individual defendants, Theron does not have standing to challenge the disclosure of the records of the other defendants/customers. The Act obviously was intended for the benefit of the particular customer, not for a third party who does not want the information to be revealed. Thus, for example, the Act provides that any government agency or financial institution that violates the act "is liable *to the customer to whom such records relate*...." *Id.* at § 3417(a) (emphasis added). Accordingly, Theron's argument, even if it were a sound

one, would affect only a small fraction, if any, of the records covered by the court's order.

 Finally, as to those few records of which Theron was the customer, the Act contains an express exception that authorizes their release in the instant case. Section 3420, which covers grand jury information, provides:

Financial records about a customer obtained from a financial institution pursuant to a subpoena issued under the authority of a Federal grand jury—

. . . .

(2) shall be used only for the purpose of considering whether to issue an indictment . . ., or of prosecuting a crime for which that indictment . . . was issued, *or for a purpose authorized by rule 6(e) of the Federal Rules of Criminal Procedure.*

12 U.S.C. § 3420(2) (emphasis added). As we concluded in the first section of this memorandum and order, Rule 6(e)(3)(C)(i) authorizes disclosure of the information "when so directed by a court preliminarily to or in connection with a judicial proceeding." Because we have directed that such a disclosure should be made, the requirements of section 3420 are satisfied. Therefore, the court's order did not violate the Act and we shall deny Theron's motion.

IT IS THEREFORE ORDERED that defendant Frans J. Theron's Motion for Reconsideration of Order Authorizing Inspection and Copying of Grand Jury Records, Return of Grand Jury Materials and Staying Production of Documents to Trustee in Bankruptcy is denied.