## In re GRAND JURY INVESTIGATION.

## Appeal of NEW JERSEY STATE COMMISSION OF INVESTIGATION.

### No. 80–1065.

United States Court of Appeals, Third Circuit.

Argued July 7, 1980.
Decided Sept. 19, 1980.

Michael R. Siavage, Executive Director, State of N. J., Commission of Investigation, Trenton, N. J., Joel Harvey Slomsky (argued), Philadelphia, Pa., for appellees, Rittenhouse Consulting Enterprises, Ltd. and Severance Administrators, Inc.

Peter M. Schirmer, Trenton, N. J. (argued), for appellant.

Before SEITZ, Chief Judge and ADAMS, Circuit Judge and KUNZIG, Judge.*

## OPINION OF THE COURT

ADAMS, Circuit Judge.

This is an appeal from the denial of a motion brought by the New Jersey State Commission of Investigation (Commission) seeking access to records of Rittenhouse Consulting Enterprises, Ltd. (Rittenhouse) and Severance Administrators, Inc. (Severance) that are in the possession of a federal grand jury. The first issue we must address is whether the district court's order is a "final decision" reviewable under 28 U.S.C. § 1291. The second question raised by this appeal is whether the grand jury secrecy rule, F.R.Crim.P. 6(e), is applicable to the Commission's request for disclosure of documents that are in the custody of the grand jury.

### I. STATEMENT OF THE CASE

The New Jersey State Commission of Investigation, a legislative investigatory body created under N.J.S.A. 52:9M–1 et seq., is empowered to conduct inquiries in connec-

* Honorable Robert L. Kunzig, United States Court of Claims, sitting by designation.

tion with the faithful execution and effective enforcement of the state's laws. In order to carry out its duties, the Commission is endowed with the authority to subpoena witnesses and documents. N.J.S.A. 52:9M–12(c).

In the course of investigating New Jersey dental care plans, the Commission on July 27, 1979 subpoenaed the books and records of Rittenhouse and Severance for January 1, 1976 through June 30, 1979. The two companies partially complied with the subpoena by providing the Commission with records for the period January 1, 1978 to June 30, 1979. As for the remainder of the subpoenaed items, however, Rittenhouse and Severance informed the Commission that they could not comply because the records for January 1, 1976 through December 31, 1977 had previously been subpoenaed by and were in the custody of a federal grand jury empanelled in the Eastern District of Pennsylvania. Because documents in the possession of a grand jury are considered records of the court, it was necessary for the Commission to move before the United States District Court for the Eastern District of Pennsylvania to obtain access to the records. Although the motion for disclosure, filed September 11, 1979, was framed under F.R.Crim.P. 6(e),[1] it averred that the documents should be made available because they were not subject to the secrecy policy of the Rules. The United States Attorney supervising the grand jury did not oppose the motion. Rittenhouse and Severance, however, objected to the request for access,[2] and contended that the grand jury materials must be shrouded in secrecy because the request fits none of the exceptions to the general policy of nondisclosure set forth in Rule 6(e)(2).

On December 5, 1979, the district court denied the disclosure motion on the ground

---

1. Rule 6(e), F.R.Crim.P., provides in part:
   (e) Secrecy of *Proceedings* and Disclosure. (1) General Rule. A grand juror, an interpreter, a stenographer, an operator of a recording device, a typist who transcribes recorded testimony, an attorney for the Government, or any person to whom disclosure is made under paragraph (2)(A)(ii) of this subdivision *shall not disclose matters occurring before the grand jury*, except as otherwise provided for in these rules. No obligation of secrecy may be imposed on any person except in accordance with this rule. A knowing violation of rule 6 may be punished as a contempt of court.
   (2) Exceptions.
   (A) Disclosure otherwise prohibited by this rule of matters occurring before the grand jury, other than its deliberations and the vote of any grand juror, may be made to–
   (i) an attorney for the government for use in the performance of such attorney's duty; and
   (ii) such government personnel as are deemed necessary by an attorney for the government ... in the performance of such attorney's duty to enforce Federal criminal law.

   . . . . .

   (C) Disclosure otherwise prohibited by this rule of matters occurring before the grand jury may also be made–
   (i) when so directed by a court preliminarily to or in connection with a judicial proceeding; or
   (ii) when permitted by a court at the request of the defendant, upon showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury.
   (emphasis added).

2. Although there is some question whether Rittenhouse and Severance have standing to argue against disclosure, since the government, which is the custodian of the records and protector of grand jury secrecy, had no objection to access, the parties neither raised this issue in the district court nor argued it on appeal. It is the policy of this Court to refrain from considering points not pressed by the parties unless the issue either goes to our jurisdiction or is of constitutional dimension. *United States v. Dansker*, 537 F.2d 40 (3d Cir. 1976). Our jurisdiction is affected only when the standing problem in a particular case implicates the constitutional aspects of the standing doctrine, namely, whether the dispute is presented in an adversary context and in a form capable of judicial resolution. There are also prudential policy considerations that bear on the question of standing, however, which are not necessarily derived from the Constitution. See *Americans United for Separation of Church and State, Inc. v. HEW*, 619 F.2d 252 (3d Cir. 1980). In this case, a concrete controversy clearly is presented, and thus the standing problem involves only the prudential consideration whether appellees are the proper parties to defend the decision reached by the district court. Accordingly, following the policy set forth in *Dansker*, there is no occasion in the present situation to address the question of standing.

that the Commission had failed to make the showing of "particular need" or "compelling necessity" required to overcome the policy of secrecy encompassed by Rule 6(e). *Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 400, 79 S.Ct. 1237, 1241, 3 L.Ed.2d 1323 (1959); *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 682, 78 S.Ct. 983, 986, 2 L.Ed.2d 1077 (1958).

The Commission contends that the district judge erred in basing the denial of the motion on Rule 6(e) because the documents are not "matters occurring before the grand jury" within the meaning of the Rule. In defending the decision by the district court, Rittenhouse and Severance first challenge our jurisdiction over the appeal. They urge that the order is neither final under 28 U.S.C. § 1291 nor an appealable collateral order under the exception to § 1291 recognized in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). Appellees find support for their position in *In Re Grand Jury Proceedings*, 580 F.2d 13 (1st Cir. 1978), where the court found an order denying disclosure of grand jury material to a state investigator to be analogous to a discovery ruling, and thus interlocutory and nonappealable. On the merits, appellees argue that Rule 6(e) is indeed applicable, and that the policy of grand jury secrecy thus precludes disclosure of their records to the Commission.

## II. DISCUSSION

### A. *Appealability*

■ We first hold that we have jurisdiction to entertain this appeal because the district court's order was entered in an independent, plenary proceeding that conclusively resolved the only controversy between the parties.[3] Accordingly, it is a final order appealable under 28 U.S.C. § 1291. *In Matter of Grand Jury Empanelled Feb. 14, 1978*, 597 F.2d 851, 857–58 (3d Cir. 1979); *Gibson v. United States*, 403 F.2d 166 (D.C. Cir. 1968).

The motion for disclosure was the sole matter affecting the Commission's rights before the district court; it was not in any way part of or connected with the grand jury proceeding. The grand jury simply happened to have possession of records also subpoenaed by the Commission, a separate authority pursuing a distinct inquiry. The Commission's reasons for seeking access are unrelated to the substance of the grand jury's investigation, and it has no interest in the grand jury proceedings except for the somewhat fortuitous occurrence that that body had, for a different purpose, previously acquired custody over the records that it now seeks. For these reasons, the Commission's motion was independent of the grand jury proceedings, and it is therefore irrelevant to the finality of the order of the district court that the grand jury's deliberations are ongoing.[4]

Illustrative of the discrete, and thus final, nature of the district court's order is the fact that an immediate appeal poses no danger of delaying or disrupting the grand jury proceedings. See *Cobbledick v. United States*, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783 (1940). The grand jury need not sus-

---

**3.** Rittenhouse and Severance contend that the order is not conclusive because the district court indicated that it might entertain another motion by the Commission offering compelling reasons for overcoming Rule 6(e). A mere suggestion, however, that a court might reconsider an order upon a new and adequate showing does not destroy the final character of the order. *FTC v. Texaco*, 517 F.2d 137, 143 n.6 (D.C.Cir.1975); reh. en banc, 555 F.2d 862, 873 n.21 (D.C.Cir.1977), *cert. denied*, 431 U.S. 974, 97 S.Ct. 2939, 53 L.Ed.2d 1072 (1977). *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949), counsels us to construe orders practically, rather than technically, in determining their finality. Thus, we should not invoke the

finality doctrine to encourage wasted resources by requiring parties to redo what they have already done before affording them appellate review.

**4.** See *United States v. Calandra*, 455 F.2d 750 (6th Cir. 1972), where Calandra, subpoenaed to testify before a grand jury, moved (a) to suppress certain evidence, and (b) for an order insulating him from answering questions based on the evidence. The district court granted the motion, and the court of appeals proceeded to consider the government's appeal holding that the motion was a plenary proceeding unrelated to the pending grand jury investigation.

pend its investigation while a recalcitrant witness seeks to appeal an order compelling the production of documents, for the Commission merely requests an opportunity to examine and copy the records.[5] The Commission assures us, and there is no contradiction, that the grand jury would be without the documents for a few days only.[6]

The finality of the order below is also evident from the lack of other avenues of review available to the Commission. The Commission does not have the option of putting itself in contempt to gain immediate review, see *Cobbledick v. United States*, 309 U.S. 323, 328, 60 S.Ct. 540, 542, 84 L.Ed. 783 (1940). Moreover, and if it waits to press an appeal until the conclusion of the grand jury proceedings, its legislative mission will have long since expired, rendering the requested materials useless. See *Perlman v. United States*, 247 U.S. 7, 38 S.Ct. 417, 62 L.Ed. 950 (1918), where the Supreme Court held that an order denying a motion to prevent the production of documents before a grand jury was a final, appealable decision because Perlman had no other means "to avert the mischief of the order." Espousing a flexible concept of finality, the Court indicated that the doctrine should not be used as a means of denying meaningful appellate review.

We are not persuaded by appellee's arguments that *In Re Grand Jury Proceedings*, 580 F.2d 13 (1st Cir. 1978), controls this situation. There, a state investigator who had probed the same charges sought access to the entire proceedings of the grand jury, in order that he could assist that body. Central to the court's finding of nonappealability was its conclusion that the disclosure motion was integral to the grand jury investigation, so that the order appealed from was undeniably issued in connection with an ongoing matter. 580 F.2d at 16–17. As we have previously discussed, the Commission's

motion here is not connected with the grand jury investigation, but rather constitutes an independent matter.

### B. *Applicability of F.R.Crim.P. 6(e)*

█ In order to accept the argument of Rittenhouse and Severance that Rule 6(e) applies to forbid disclosure of the requested documents, it would be necessary to conclude that the Rule prevents disclosure, *for any purpose*, of documents once they are subpoenaed by a grand jury. We cannot so conclude, however, because the policy of secrecy is not absolute. *United States v. Stanford*, 589 F.2d 285, 291 (7th Cir. 1978), *cert. denied* 440 U.S. 983, 99 S.Ct. 1794, 60 L.Ed.2d 244 (1974). Rule 6(e) shields solely "matters occurring before the grand jury." It is designed to protect from disclosure only the essence of what takes place in the grand jury room, in order to preserve the freedom and integrity of the deliberative process. See, e. g., *United States v. Proctor & Gamble*, 356 U.S. 677, 681, 78 S.Ct. 983, 985, 2 L.Ed.2d 1077 (1958); *United States v. Rose*, 215 F.2d 617, 628–29 (3d Cir. 1954). The Rule is not intended "to foreclose from all future revelation to proper authorities the same information or documents which were presented to the grand jury." *United States v. Interstate Dress Carriers, Inc.*, 280 F.2d 52, 54 (2d Cir. 1960). The mere fact that a particular document is reviewed by a grand jury does not convert it into a "matter occurring before the grand jury" within the meaning of 6(e). Documents such as the business records sought by the Commission here are created for purposes independent of grand jury investigations, and such records have many legitimate uses unrelated to the substance of the grand jury proceedings. See *United States v. Stanford*, supra, at 291.

---

**5.** *Cobbledick v. United States*, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783 (1940), in which the Court held the denial of a grand jury witness' motion to quash a subpoena duces tecum to be nonappealable, is thus inapplicable. In *Cobbledick* the Court was motivated by the need to avoid interruption and delay of the grand jury's

work from interlocutory appeals by various witnesses. Since the Commission's motion presents no such danger, the appeal here does not implicate the policy or holding of *Cobbledick*.

**6.** Letter–brief for appellant, June 6, 1980, at 4.

As the Second Circuit stated in *United States v. Interstate Dress Carriers, supra*, while granting the request of the Interstate Commerce Commission for disclosure of a trucking company's records in the custody of a grand jury:

> [W]hen testimony or data is sought for its own sake—for its intrinsic value in the furtherance of a lawful investigation—rather than to learn what took place before the grand jury, it is not a valid defense to disclosure that the same information was revealed to a grand jury or that the same documents had been, or were presently being, examined by a grand jury.

280 F.2d at 54. Thus, once the New Jersey Commission demonstrated a legitimate purpose flowing from its investigatory authority for subpoenaeing the records of Rittenhouse and Severance, disclosure should not have been denied simply because a grand jury had reviewed the documents in an unrelated matter. Access to the records should be refused only if it would compromise the secrecy of the grand jury. The district court erred in assuming that Rule 6(e) automatically controlled when it required the Commission to show a compelling necessity for production from the outset. "If the reasons for maintaining secrecy do not apply at all in a given situation, or apply to only an insignificant degree, the party seeking disclosure should not be required to demonstrate a large compelling need." *U.S. Industries, Inc. v. United States District Court*, 345 F.2d 18 (9th Cir. 1965). In this instance, where the documents are sought for use in an investigation into a different subject than the matter before the grand jury, the party objecting to production must first prove that the policy of grand jury secrecy would be jeopardized. Otherwise, the request for access is not governed by Rule 6(e).

Because the record before us does not include the documents sought by the Commission, we must leave to the district court the task of evaluating whether disclosure would reveal "matters occurring before," or the content of, the grand jury proceedings. If the district court specifically finds that the secrecy policy of Rule 6(e) is implicated, only then should the Commission be required to show a "particular need" or "compelling necessity" for disclosure.

## III. CONCLUSION

The order of the district court will be vacated and the matter remanded for further proceedings consistent with this opinion.