**UNITED STATES of America**

v.

**Dr. William MONSOUR, Benjamin Razon, Monsour Medical Center and its predecessor, Monsour Hospital and Clinic, Inc.**

**Crim. No. 80–68.**

United States District Court,
W. D. Pennsylvania.

Oct. 22, 1980.

John Panneton, Asst. U. S. Atty., Pittsburgh, Pa., for plaintiff.

R. Stan Mortenson, Washington, D. C., for Dr. William Monsour.

James H. Joseph, Pittsburgh, Pa., for Monsour Hosp.

John L. Doherty, Pittsburgh, Pa., for Benjamin Razon.

## MEMORANDUM AND ORDER

ZIEGLER, District Judge.

On September 2, 1980, William Monsour, M.D., was sentenced by this court following a plea of guilty to a violation of 18 U.S.C. § 1003. During the course of the pre–indictment investigation certain documents were obtained, by a federal grand jury empaneled in this jurisdiction, which relate to the conversion of the Monsour Medical Center from a propriety to a non–profit entity in 1975.

The United States Attorney for the Western District of Pennsylvania now petitions for an order pursuant to Rule 6(e) of the Federal Rules of Criminal Procedure to permit disclosure of these documents to the Internal Revenue Service. The federal prosecutor avers that the documents are essential to a proper determination of the civil tax liability of various individuals for the year 1975.

Monsour Medical Center and William Monsour oppose the motion arguing that disclosure of the documents would violate the secrecy and disclosure provisions of Rule 6(e).[1] The objectors contend that judicial approbation may be obtained for release of documents in the possession of a grand jury only upon a showing of "particularized need," which is here absent. Finally, the objectors implore this court to deny this extraordinary relief, and order the prosecutor to return the documents to the Medical Center and Monsour.

Rule 6(e) of the Federal Rules of Criminal Procedure provides that "matters occurring before the grand jury" must be shielded from disclosure. In *United States v. Stanford*, 589 F.2d 285 (7th Cir. 1978), *cert. denied* 440 U.S. 983, 99 S.Ct. 1794, 60 L.Ed.2d 244 (1974), the Court held that not all documents retained by a federal grand jury are within the special protections of the Rule.

The restrictions of Rule 6(e) apply only to "disclosure of matters occurring before the grand jury." Unless information reveals something about the grand jury proceedings, secrecy is unnecessary.

"Thus, when testimony or data is sought for its own sake–for its intrinsic value in furtherance of a lawful investigation–rather than to learn what took place before the grand jury, it is not a valid defense to disclosure that the same documents had been, or were presently being, examined by a grand jury."

589 F.2d at 291, quoting *United States v. Interstate Dress Carriers, Inc.*, 280 F.2d 52 (2nd Cir. 1960).

The United States Court of Appeals for the Third Circuit recently adopted the test of *Stanford. See, In Re Grand Jury Investigation (New Jersey State Commission of Investigation)*, 630 F.2d 996 (3rd Cir. 1980). There, the New Jersey State Commission attempted to subpoena the books and rec-

---

1. Rule 6(e) of F.R.Crim.P. provides in part:

   (e) Secrecy of Proceedings and Disclosure. (1) General Rule. A grand juror, an interpreter, a stenographer, an operator of a recording device, a typist who transcribes recorded testimony, an attorney for the Government, or any person to whom disclosure is made under paragraph (2)(A)(ii) of this subdivision shall not disclose matters occurring before the grand jury, except as otherwise provided for in these rules. No obligation of secrecy may be imposed on any person except in accordance with this rule. A knowing violation of rule 6 may be punished as a contempt of court.

   (2) Exceptions.

   (A) Disclosure otherwise prohibited by this rule of matters occurring before the grand jury, other than its deliberations and the vote of any grand juror, may be made to–

   (i) an attorney for the government for use in the performance of such attorney's duty; and

   (ii) such government personnel as are deemed necessary by an attorney for the government in the performance of such attorney's duty to enforce Federal criminal law.

   (C) Disclosure otherwise prohibited by this rule of matters occurring before the grand jury may also be made–

   (i) when so directed by a court preliminarily to or in connection with a judicial proceeding; or

   (ii) when permitted by a court at the request of the defendant upon showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury.

ords of two companies. Certain documents were in possession of a federal grand jury. The district court denied the disclosure motion on the grounds that the Commission had failed to establish "particular need" so as to overcome the policy of secrecy embodied in Rule 6(e). The Court of Appeals reversed and held that a showing of "particular need" or "compelling necessity" is unnecessary when documents are sought which are unrelated to the inner–workings of the grand jury. At 1001.

The Court observed that Rule 6(e) "is designed to protect from disclosure only the essence of what takes place in the grand jury room, in order to preserve the freedom and integrity of the deliberative process...." At 1000. The mere fact that a particular document is reviewed by a grand jury, the court explained, does not trigger the protections of the Rule. "Documents such as the business records sought by the Commission here are created for purposes independent of grand jury investigations, and such records have many legitimate uses unrelated to the substance of the grand jury proceedings." *Id.* The Court of Appeals remanded the case to the district court for a determination of whether disclosure of the subpoenaed materials would reveal "matters occurring before" the grand jury.

█ It is correct as the United States Attorney here urges that the secrecy requirements of Rule 6(e) may not be implicated since the documents obtained during the Monsour criminal investigation are now sought for use in a civil investigation of a distinct matter. No showing of "particular need" is required so long as the documents do not reveal "the essence of what took place in the grand jury room." *In Re Grand Jury Investigation, supra; U.S. v. Stanford, supra.*

█ We note, however, that the instant disclosure motion differs from all precedent in one important aspect. In every instance, the investigating agency had properly subpoenaed the documents. Here, we have neither a request nor a summons from the Internal Revenue Service for the relevant material. Instead, the United States Attorney has determined that the Revenue Service is entitled to the documents, and seeks disclosure ostensibly on his own initiative. In this regard it bears repeating;

The grand jury is properly an arm of the court, not the executive. The agencies are denied unrestrained inquisitorial powers comparable to the grand jury's because that kind of power should not be vested in the executive branch. Expansion of agency power through indirect access to grand jury material permits the executive to wield such power.

Note, *Administrative Agency Access to Grand Jury Materials*, 75 Colum.L.Rev. 162, 179 (1975).

█ We hold that this court may not grant the motion of the United States Attorney to disclose the documents to the Internal Revenue Service without a verified request or summons from that agency. The United States Attorney may, of course, assist that agency in presenting its request for records which are considered records of the court. We will not, however, require their return to the objectors pending agency action since that would occasion unnecessary expense and delay. If the Internal Revenue Service files a proper request for some or all of the documents within 45 days, this court will order disclosure if, after an in–camera inspection, we are satisfied that disclosure will not reveal "the essence of what took place in the jury room." *In Re Grand Jury Investigation, supra.* If a timely request is not received, we will assume want of agency interest and the court shall consider the request of the objectors for the return of all documents.

IT IS SO ORDERED.