**UNITED STATES of America**

v.

**Dr. William MONSOUR, Benjamin Razon, Monsour Medical Center and its predecessor, Monsour Hospital and Clinic, Inc.**

**Crim. No. 80–68.**

United States District Court,
W. D. Pennsylvania.

Jan. 27, 1981.

Stephen I. Goldring, Asst. U. S. Atty., Pittsburgh, Pa., for United States.

John L. Doherty, Pittsburgh, Pa., for Benjamin Razon.

James H. Joseph, Pittsburgh, Pa., for Monsour Medical Center and Monsour Hospital.

R. Stan Mortenson, Washington, D. C., for Dr. William Monsour.

## OPINION

ZIEGLER, District Judge.

The instant matter concerns the motion of the United States for reconsideration of the order of this court dated December 9, 1980, which requires that the United States Attorney return to defendants their personal documents and papers. The motion will be denied.

On September 2, 1980, William Monsour, was sentenced by this court following a plea of guilty to violation of 18 U.S.C. § 1003. During the course of the pre-indictment investigation, the grand jury subpoenaed from defendants certain documents which relate to the conversion of the Monsour Medical Center from a proprietary to a non-profit entity in 1975. After completion of the grand jury's work and the imposition of judgment of sentence, the United States Attorney for the Western District of Pennsylvania filed a "Petition to Release Grand Jury Documents and Motion to Seal" to permit disclosure of these documents to the Internal Revenue Service pursuant to Rule 6(e) of the Federal Rules of Criminal Procedure. The prosecutor alleged that the documents were essential to a proper determination of the civil tax liability of various individuals for the year 1975. Defendants opposed the petition arguing that any disclosure would violate Rule 6(e) absent a showing of "particularized need."

The court denied the objections of defendants based on the recent decision of the Court of Appeals in *In Re Grand Jury Investigation (New Jersey State Commission)*, 630 F.2d 996 (3d Cir. 1980). There the Court held that a showing of "particularized need" or "compelling necessity" is not required since Rule 6(e) "is designed to protect from disclosure only the essence of

what takes place in the grand jury room, in order to preserve the freedom and integrity of the deliberative process . . . ." *Id.* at 1000.[1] However, this court deferred the relief sought by the prosecutor pending receipt of a verified request or summons from the Internal Revenue Service. We reasoned that a grand jury is an independent arm of the court, not the Executive Branch, and the documents secured by that body may not be released by the custodian, here the United States Attorney, without judicial scrutiny. Implicit in our reasoning was the concept that a request or summons by the Internal Revenue Service was necessary to enable the court to determine whether the documents were sought for a proper purpose. *See, In Re Grand Jury Investigation (New Jersey State Commission)*, 630 F.2d at 1001.

On October 22, 1980, the court ordered a verified request or summons from the Revenue Service within 45 days or the court would assume want of agency interest and return to defendants their personal documents and papers. Neither the prosecutor nor the Internal Revenue Service complied with the order and on December 9, 1980, the court ordered the return of "all papers, documents and materials of Monsour Medical Center and William Monsour, which were subpoenaed from defendants by the grand jury with respect to the criminal investigation of defendants . . ."

The prosecutor now urges this court to reconsider its order because, although the Federal Bureau of Investigation, the United States Attorney and the grand jury no longer need these documents, the Revenue Service may summon these materials pursuant to Section 7602 of the Internal Revenue Code. 26 U.S.C. § 7602.

The argument misses the mark for two reasons. First, we note that no response of any kind was filed within 45 days as required by our order. Second, not only was the response untimely and then filed at an improper docket number, it is not a proper response since it fails to contain a verified

---

1. *See also, United States v. Stanford*, 589 F.2d 285, 291 (7th Cir. 1978) ("Unless information reveals something about the grand jury proceedings, secrecy is unnecessary.")

request or summons from the Internal Revenue Service which is the predicate to our determination of whether the materials are sought for a proper purpose.

■ Documents sought by the Revenue Service from any source are subject to a summons pursuant to 26 U.S.C. § 7602; 26 C.F.R. § 301.7602–1. The agency must however describe the materials with "reasonable certainty." 26 C.F.R. § 301.7603–1(a). Since documents which are subpoenaed by a grand jury are without the secrecy provisions of Rule 6(e), unless they reveal the inner workings of the grand jury, *In Re Grand Jury Investigation, New Jersey State Commission*, 630 F.2d 996 (3d Cir. 1980), the materials sought here could have been summoned by statute.[2] Thus, to permit the United States Attorney to release all documents subpoenaed by the grand jury without a statutory summons, or absent reasonable specificity, cannot be countenanced.

■ Moreover, the belated request is deficient because it prevents this court from determining proper purpose and the four-pronged test of *United States v. LaSalle National Bank*, 437 U.S. 298, 313–314, 98 S.Ct. 2357, 2365, 57 L.Ed.2d 221 (1978).[3] The judicial and legislative branches have carefully delineated the test to be met by the Internal Revenue to obtain documents and personal papers, and *In Re Grand Jury Investigation (New Jersey State Commission), supra*, is not to the contrary. In sum, if the Internal Revenue Service had timely summoned particular grand jury documents, demonstrated its authority under 26 U.S.C. § 7602 and *LaSalle National Bank*, and an in-camera inspection determined that the documents did not reveal the essence of what took place before the grand

jury, release would have been ordered. Under the circumstances at bar, however, we reiterate our direction to the United States Attorney to assemble all papers, documents and materials of defendants, which were subpoenaed during the criminal investigation by the grand jury, and deliver the materials to counsel for defendants within 20 days.

We wish to note in closing that our ruling, today, does not prevent the Internal Revenue Service from conducting civil tax audits or assessing civil tax liabilities of these defendants. *See,* 26 U.S.C. §§ 7601, 7602, 7604, 7609, 7623 (1976); *cf., United States v. Bisceglia*, 420 U.S. 141, 95 S.Ct. 915, 43 L.Ed.2d 88 (1975); *United States v. Powell*, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964). As noted, the agency is empowered to summon records and documents from defendants or third parties once the instant papers have been returned. We are at a loss therefore to understand the wisdom of the approach taken by the Internal Revenue Service in this case.

AND NOW, this 27th day of January, 1981,

IT IS ORDERED that the motion of the United States of America for reconsideration of the order of December 9, 1980, be and hereby is denied.

---

2. Defendants continue to maintain that the secrecy provisions of Rule 6(e) are a bar to the instant request and that *In Re Grand Jury Proceedings (United States of America)*, 309 F.2d 440 (3d Cir. 1962) is controlling. We disagree. *In Re Grand Jury Investigation (New Jersey State Commission)*, 630 F.2d 996, 1000 (3d Cir. 1980) makes clear that the provisions of Rule 6(e) do not apply to any document which does not disclose "the essence of what takes place in the grand jury room."

3. "[The I.R.S.] must show that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed ..." 437 U.S. at 313-314, 98 S.Ct. at 2365.