Michael W. CALLAHAN, et al.,

v.

A.E.V. INC., et al.

A.L. ABROMOVITZ, et al.,

v.

A.E.V. INC., et al.

Civil Action Nos. 92–0556, 92–1387.

United States District Court,
W.D. Pennsylvania.

Aug. 12, 1996.

---

Louis M. Tarasi, Jr., Tarasi & Johnson, Pittsburgh, PA, Jerome M. Marcus, Berger & Montague, Philadelphia, PA, for plaintiffs.

Roslyn M. Litman, Martha S. Helmreich, Litman, Litman, Harris & Brown, Pittsburgh, PA, for A.E.V. Inc., a corporation, Beer and Pop Warehouse, Inc., Jet Distributors, Inc., Q.F.A., Inc., Red Sky, Inc., Retail Services and Systems, Inc., David J. Trone.

Michael Yablonski, Klett, Lieber, Rooney & Schorling, Pittsburgh, PA, for Frank B. Fuhrer Wholesale Company, Frank B. Fuhrer, Jr.

Thomas A. Donovan, Kirkpatrick & Lockhart, Pittsburgh, PA, for Alfred M. Lutheran Distributors, Inc., James Lutheran.

John R. McGinley, Melloney J. Douce, Grogan, Graffam, McGinley & Lucchino, Pittsburgh, PA, for Wilson–McGinley Co.

## MEMORANDUM ORDER

CINDRICH, District Judge.

This is an action for antitrust and other violations against David Trone ("Trone") and other defendants brought by local beer distributors ("distributors") alleging harm from the defendants' improper acts. The case is currently in discovery and plaintiffs have made document requests to defendants. Defendants object to some of the requests on grounds that the requested documents are

under a grand jury privilege and that plaintiffs have failed to show why the alleged privilege should be lifted. Plaintiffs respond that the documents requested are relevant to the present action and that the standard for disclosure of state grand jury documents continues to lessen after the grand jury investigation is concluded such that in the present case no privilege exists. Before us now is a motion by plaintiffs to compel responses to the document requests. Doc. No. 141. For the reasons stated below, the court will grant in part and deny in part plaintiffs' motion.

Defendant Trone and others were targets of a three-year Pennsylvania state grand jury investigation which concluded in 1992. The investigation resulted in a twenty-three count indictment against Trone which included charges of tampering with public records, criminal solicitation, deceptive business practices and involvement in corrupt organizations.

The instant action was initiated in 1992 by local beer distributors alleging harm from the acts of Trone and his associates. To prove their case, plaintiffs have sought numerous documents from Trone including documents submitted by Trone to the Pennsylvania grand jury, documents received from the grand jury, and transcripts of grand jury testimony in Trone's possession.

Trone has objected to the document request claiming that such documents and transcripts are not relevant to the present action and are covered by a grand jury privilege. According to the defendants, the materials sought are Commonwealth grand jury materials and, as such, the proper party to determine disclosure is the Pennsylvania court overseeing the grand jury. Defendants also contend that plaintiffs bear the burden of showing that the alleged grand jury privilege should be lifted.

Plaintiffs argue that the motion to compel responses should be granted because the documents sought are not privileged. Plaintiffs dispute defendants' claim that the documents sought are not relevant to the instant action and argue that the documents no longer have a meaningful need for secrecy. Under the liberal rules of discovery, plaintiffs contend, the documents and transcripts sought must be turned over absent any relevant privilege.

Federal Rule of Civil Procedure 26(b) requires the disclosure of requested information not privileged and reasonably calculated to lead to the discovery of admissible evidence. A motion to compel under Rule 37(a)(1) for failure to provide relevant information sought through discovery requires us to determine if the materials requested are relevant to the action and whether all or part of the materials are covered by a privilege that prevents their disclosure.

This case presents a rare situation for two reasons. First, the documents are being sought are those previously submitted to state grand jury or supplied by the prosecution to the defendant. Second, the alleged grand jury documents are sought not from the grand jury, but from a third party—a target of a grand jury. We have combed the reported cases and found a dearth of federal cases where such document and transcript requests are made directly to the defendant and fewer still involving state grand juries.

Plaintiffs have sought two types of materials involving the prior state grand jury investigation. First, plaintiffs seek documents submitted to or received from the Pennsylvania grand jury. In this category we will refer to "documents" as all materials other than transcripts of grand jury testimony. Second, plaintiffs seek any transcripts from that grand jury investigation. We will address these requests separately.

What has been erroneously assumed by both sides is that all of the documents involved are grand jury materials. Not all documents received by a grand jury are converted into "grand jury materials." *In re Grand Jury Investigation,* 630 F.2d 996, 1000 (3d Cir.1980). The party asserting that the materials involved are grand jury materials bears the burden of showing such. Here, defendants assert that all materials requested are grand jury materials and entitled to a presumption of privilege. Yet no showing is made that any of the documents requested will disclose the inner working of the grand jury, the purpose of the privilege being to avoid such disclosure. *Id.* If the

documents requested are not covered by a grand jury privilege, the rules of discovery mandate that such documents be produced. Defendants have not satisfactorily demonstrated that any such privilege attaches to the documents. Accordingly, defendants are ordered to produce the requested documents submitted to or received from the Pennsylvania state grand jury.

Plaintiffs have also requested any grand jury transcripts that defendants may have in their possession. Being created by the grand jury, such transcripts obviously may carry some privilege; the initial question consists of identifying the standard by which the privilege measured. The Third Circuit has held, and other circuits agree, that in federal question cases the federal common law of privileges applies.[1] *Wm. T. Thompson Co. v. General Nutrition Corp.*, 671 F.2d 100, 103 (3d Cir., 1982); *von Bulow v. von Bulow*, 811 F.2d 136, 141 (2d Cir.1987); *Memorial Hospital for McHenry County v. Shadur*, 664 F.2d 1058 (7th Cir.1981). While the Third Circuit has not ruled on the status of the common law of a state grand jury privilege, other circuits and district courts have uniformly held that the standard is the same as that for disclosure of federal grand jury materials. *See United States v. Tynan*, 757 F.2d 1085, 1089–90 (10th Cir.1985); *United States v. Silva*, 745 F.2d 840, 845 (4th Cir.1984); *Socialist Workers Party v. Grubisic*, 619 F.2d 641, 643 (7th Cir.1980).

■ Defendants claim that the Pennsylvania court overseeing the grand jury investigation from which transcripts are being sought should determine whether to release the transcripts. We disagree. Defendant cites many cases where courts have held that the court overseeing an investigation is in the best position to determine whether to release transcripts. All of these cases involve a federal court being requested to obtain transcripts from a state court. Plaintiffs here have requested transcripts from the defendants. A reading of Pennsylvania law on the privilege attached to grand jury transcripts reveals that the overseeing court serves as the protector of transcripts unless the transcripts are released pursuant other provisions. Pa.Crim.R. 261. One such provision is that transcripts may be provided to a criminal defendant for use at trial. Pa.Crim.R. 263. If defendant has transcripts of the grand jury proceedings, such transcripts would have been obtained pursuant to this provision. As such, the Pennsylvania court overseeing the grand jury investigation is no longer the guardian of transcripts in Trone's possession. This court is fully aware of and fully respects the interests of comity between federal and state courts. However, if Pennsylvania does not deem transcripts distributed to defendants as privileged, it is difficult to see why this court should afford greater protection.

■ The Supreme Court in *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 222, 99 S.Ct. 1667, 1674, 60 L.Ed.2d 156 (1979) held that a three-pronged test should be applied when determining whether to disclose grand jury transcripts. To allow disclosure of grand jury transcripts, the petitioned court must find all of three factors present. First, the party seeking the transcripts must show that the materials are needed to avoid possible injustice in another judicial proceeding. Second, the party seeking transcripts must show that the need for disclosure is greater than the need for secrecy. Third the party seeking transcripts must show that the request is structured to cover only the materials needed. The Court has held that as the time since grand jury investigation passes, the general need for secrecy lessens and the three prongs of the test are relaxed. *Id.* at 223, 99 S.Ct. at 1675.

■ Plaintiffs here claim that the transcripts are needed to refresh the memory of witnesses and to ensure that testimony given in this case is consistent with that given to the Pennsylvania grand jury. Courts have consistently held that use of a grand jury transcript to refresh the memory of witnesses or to impeach witnesses is a valid use of the transcripts. *Illinois v. Sarbaugh*, 552 F.2d 768 (7th Cir., 1977), *cert. denied*, 434 U.S. 889, 98 S.Ct. 262, 54 L.Ed.2d 174 (1977);

---

1. This policy is consistent with Congress's intent in creating Federal Rule of Evidence 501. S.Rpt. 93–1277, reprinted at 1974 U.S.C.C.A.N. 7051, 7058.

*In re Catfish Antitrust Litigation,* 164 F.R.D. 191 (N.D.Miss.1995). Given that the grand jury investigation began seven years ago, some witnesses may have difficulty remembering what was said to the grand jury. Thus, there is a valid reason for seeking and using the transcripts.

■ The need for continued secrecy of the grand jury testimony here seems minimal. The purpose of the grand jury privilege is to protect the grand jury and its deliberative process and to protect the unindicted accused. *Douglas Oil,* 441 U.S. at 219, 99 S.Ct. at 1672–73. Defendant Trone was in fact indicted on 23 counts. The grand jury investigation has long since concluded and portions of the transcripts may have already been distributed pursuant to Pennsylvania law. Furthermore, if the defendant has copies of the transcripts, he could use them for his defense, and disclose any information from the transcripts in open court as he wished. Given this opportunity for free disclosure that the state has afforded, we fail to see why defendants should be permitted to exercise complete dominion over relevant information. While we do not take the need for disclosure as overpowering, it nonetheless is appreciably greater than the need for continued secrecy.

■ Determining whether plaintiffs' transcript request covers only materials needed is difficult because defendant has failed to disclose whether he even has such a transcript. Plaintiffs' allegations in the instant case involve many aspects of Trone's business activities over a number of years. Trone is alleged to have illegally conspired to restrain competition in local beer sales by improperly obtaining volume discounts from wholesalers, buying out-of-date beer, and other improper practices. These same practices were the basis for the Pennsylvania grand jury investigation which resulted in Trone's 23–count indictment. Discovery in an antitrust case is necessarily broad because allegations involve improper business conduct. *See Kellam Energy, Inc. v. Duncan,* 616 F.Supp. 215 (D.Del.1985); *F.T.C. v. Lukens Steel Co.,* 444 F.Supp. 803 (D.D.C.1977). Such conduct is generally covert and must be gleaned from records, conduct, and business relationships.

Requests other than number 31, while broad, are within the scope of the present action in that they seek information on beer acquisitions and sales and monetary transactions. Request number 31, on the other hand, is too broad to meet the *Douglas Oil* test because that request is without a stated subject to fit within the scope of the case at hand. If information sought under request 31 does not fall within requests 18 and 19, it has not been shown how such information is relevant to this case.

In applying the *Douglas Oil* test to the Pennsylvania grand jury transcripts, we find that the factors necessary to lifting the grand jury privilege under federal common law are present. First, to permit disclosure will prevent a possible inequity in this action by ensuring consistent and complete testimony. Second, the need for disclosure outweighs any continued need for secrecy given the age of the Commonwealth grand jury. Third, since the Pennsylvania criminal action and the instant federal civil action have a common nucleus of conduct, the request will cover only materials needed. Any transcripts in defendants' possession from the Pennsylvania grand jury and within the scope of the requests are discoverable by plaintiffs.

■ Defendants have also objected to many document requests on grounds that the requests are vague and ambiguous. The prime alleged ambiguity appears to be the term "any other company." What are defendant Trone's "other companies" is a source of dispute and at the heart of the instant litigation. Given this state of affairs, we find that a description of records relating to beer purchases and sales by any entity controlled by any defendant is specific enough to describe the records sought. All records falling within this description must be produced.

Defendants' objections that some requests are overly broad and burdensome also fall short. Plaintiffs' requests include what we take to be typical business records. There has been no adequate showing that such records are overly burdensome to produce. Additionally, the objection of work product exemption appears groundless and is not

supported in defendants' brief. Thus all documents sought by plaintiffs and objected to on grounds other than grand jury privilege must be produced.

In accordance with the foregoing, Plaintiffs' Motion to Compel Responses to Document Requests pursuant to Federal Rule of Civil Procedure No. 37(a)(2)(A), Doc. No. 141, is GRANTED, with the exception of transcripts sought under request number 31 and not covered by other document requests.