UNITED STATES of America

v.

SAKS & COMPANY et al., Defendants.

No. 74 Cr. 940 (HFW).

United States District Court,
S. D. New York.

Dec. 14, 1976.

As Amended Dec. 20, 1976.

Antitrust Division, Dept. of Justice, New York City, by Bernard Wehrmann, Melvin Lublinski, Edward F. Corcoran, New York City, of counsel, for the Antitrust Division.

Federal Trade Commission, New York City, by Robert J. Lewis, Gen. Counsel, Gerald P. Norton, Deputy Gen. Counsel, Gerald Harwood, Asst. Gen. Counsel, Washington, D.C., Richard A. Givens, Regional Director, Kew Garden Hills, N.Y., for the Federal Trade Commission.

Wormser, Kiely, Alessandroni & McCann, New York City, for Bergdorf Goodman, Inc.

Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for defendant Leonard Hankin.

Dewey, Ballantine, Bushby, Palmer & Wood, New York City, for Elizabeth Arden, Inc.

Gould & Wilkie, New York City, for Lord & Taylor and Peter Torrey.

Arnold & Porter, Washington, D.C., for Bloomingdales.

Donovan, Leisure, Newton & Irvine, New York City, for defendant Genesco, Inc.

Solinger & Gordon, New York City, for defendant Saks & Co.

## OPINION

WERKER, District Judge.

With leave of the court, each of corporate and individual defendants in this criminal antitrust action pleaded *nolo contendere* and, thereafter, was sentenced. Now, the Federal Trade Commission (FTC) has applied for an order permitting it to inspect and copy all of the documents produced "pursuant to subpoenas issued in connection with the grand jury's investigation which resulted in the indictment in this case." The FTC contends that it needs these docu-

ments as part of an ongoing, nationwide investigation of practices in the women's clothing industry. Several of the defendants and other individuals and corporations which were not parties to either this action or related civil actions ("third parties") have raised objections to the FTC application.

The grand jury documents which the FTC seeks were impounded at the direction of this court on February 25, 1976, but counsel for the plaintiff class action representatives and the defendants in several companion treble damage actions[1] were permitted to inspect and copy the documents with certain named exceptions.[2] Under the terms of the court's February 25, 1976 order, the FTC cannot gain access without leave of the court to the impounded grand jury documents which are now held by the Antitrust Division of the Department of Justice.

The indictment in this action charged that the corporate defendants, retailers of women's clothing in the New York metropolitan area, and the individual defendants, officers of the corporate defendants, combined and conspired with other unnamed co-conspirators to unreasonably restrain trade in violation of section 1 of the Sherman Act, 15 U.S.C. § 1 (1970). In essence, it was alleged that the defendants and others had conspired to fix the prices of women's clothing. The current FTC investigation seeks to determine whether "various manufacturers, distributors and retailers of women's apparel and other persons . . . may be engaged in unfair methods of competition and unfair acts or practices which may be in violation of Section 5 of the Federal Trade Commission Act, [as amended, 15 U.S.C. § 45 (1970),] including but not limited to resale price maintenance and conspiracy to cause boycotts in connection with the sale and marketing of such products in the United States." The FTC maintains that the corporate defendants in the instant action are not included among the eighty manufacturers, distributors and retailers presently under investigation.

■ An applicant must generally demonstrate, with particularity, its need for subpoenaed grand jury documents in order to overcome the secrecy requirements imposed by Rule 6(e) of the Federal Rules of Criminal Procedure. *United States v. Procter & Gamble Co.*, 356 U.S. 677, 48 S.Ct. 983, 2 L.Ed.2d 1077 (1958). However, Rule 6(e) is not intended to insulate from all future discovery documents which were presented to the grand jury. As Judge Lumbard, formerly the Chief Judge for this circuit, observed in *United States v. Interstate Dress Carriers, Inc.*, 280 F.2d 52, 54 (2d Cir. 1960):

". . . [I]t is not the purpose of the Rule to foreclose from all future revelation to proper authorities the same information or documents which were presented to the grand jury. Thus, when testimony or data is sought for its own sake— for its intrinsic value in the furtherance of a lawful investigation—rather than to learn what took place before the grand jury, it is not a valid defense to disclosure that the same information was revealed to a grand jury or that the same documents had been, or were presently being, examined by a grand jury."

■ It is evident from the representations of the FTC that it is pursuing an investigation well within its statutory authority. *See Federal Trade Commission v. Cement Institute*, 333 U.S. 683, 68 S.Ct. 793, 92 L.Ed. 1010 (1948). Similarly, since the corporate defendants in the instant action are not included among the many corpora-

---

1. These actions are *Siskind v. Goodman*, 74 Civ. 4413 (HFW); *Dennis v. Saks & Co.*, 74 Civ. 4419 (HFW); *Walcavage v. Saks & Co.*, 74 Civ. 4491 (HFW); *Fleischman v. Genesco, Inc.*, 74 Civ. 4502 (HFW); *Levanne v. Saks & Co.*, 75 Civ. 180 (HFW); *Price v. Goodman*, 75 Civ. 268 (HFW).

2. The February 24, 1976 order denied access to documents submitted to the grand jury by John Merrick, Lord & Taylor and Bloomingdales. Subsequent orders denied access to documents submitted by Elizabeth Arden, Inc., Henri Bendel, Inc., Geraldine Stutz, John Boland, William Fine and B. Altman, Inc.

tions presently under investigation by the FTC it is apparent that the FTC has not made its request merely to learn what took place before the grand jury. Indeed, in the absence of a request to inspect the minutes of the grand jury, the FTC will not be able to determine which documents the grand jury considered significant. I conclude, therefore, that the FTC application is made pursuant to an independent lawful investigation and that it may be granted.

Entry of the requested order will not impede any activities of the grand jury as the defendants have already pled and been sentenced. Moreover, since the FTC can inspect and copy the requested documents in any event under section 9 of the Federal Trade Commission Act, 15 U.S.C. § 49 (1970), it is in the public interest to enter this order so that the FTC can proceed with its investigation at a minimum of expense to the taxpayers.

Several of the third parties contend that discovery of the documents they submitted should be denied because the parties to the treble damage action were previously denied access to such documents. However, the present application is made by a government agency empowered to enforce federal laws and it presents additional public policy considerations not raised by prior discovery requests. Consequently, the court will not deny access to the documents on this ground.

Some of the third parties also object to the present application because they have not been advised that they are presently under investigation by the FTC. Under section 9 of the Federal Trade Commission Act, the FTC

"shall at all reasonable times have access to, for the purpose of examination, and the right to copy any documentary evidence of any corporation being investigated or proceeded against; and the Commission shall have power to require by subpoena the attendance and testimony of witnesses and the production of all such documentary evidence relating to any matter under investigation."

The third parties apparently believe that the power to compel the production of "such documentary evidence" must be read in tandem with the prior reference to "documentary evidence of any corporation being investigated or proceeded against." However, in view of the legislative history of the Federal Trade Commission Act, it has been held that the statute grants the FTC two entirely distinguishable powers. The second of these powers is contained in the phrase following the semicolon in the statutory excerpt above and it enables the FTC to subpoena documentary evidence relating to any matter under investigation without first demonstrating that the owner of the document is under investigation. *Federal Trade Commission v. Tuttle*, 244 F.2d 605, 615 (2d Cir.), *cert. denied*, 354 U.S. 925, 77 S.Ct. 1379, 1 L.Ed.2d 1436 (1957). By entering this order, therefore, the court is not enabling the FTC to obtain documents it could not otherwise require the third parties to produce.

Two modifications of the proposed FTC order, requested by firms responding to the motion papers, seem appropriate and have been made. First, the court will require the FTC to inform each person or corporation that submitted documents to the grand jury of any documents copied by the FTC as part of its present inspection. Second, the FTC will be required to give any person or corporation that submitted documents to the grand jury and the defendants ten days notice and an opportunity to object before such documents are made public.

As modified, the order will be entered.

SO ORDERED.