**FALSTAFF BREWING CORP., General Brewing Co., and S & P Company, Petitioners,**

v.

**Joan F. KESSLER, United States Attorney, Respondent.**

**No. 80 Misc. 6.**

United States District Court, E. D. Wisconsin.

May 5, 1980.

---

* See also District Court cases cited by Plaintiffs in their briefs at page 3.

Albert R. Malanca, James A. Furber, Dennis S. Harlowe, Jeffery A. Smyth, Gordon, Thomas, Honeywell, Malanca, Peterson & O'Hern, Tacoma, Wash., Robert M. Schaefer, Blair, Schaefer, Hitchinson, Wynne, Potter, Horton & Johnson, Vancouver, Wash., Robert Galhaus, San Francisco, Cal., Abe Krash, Murray H. Bring, John M. Fedders, Daniel M. Lewis, Cary M. Adams, John Kronstadt, Arnold & Porter, Washington, D. C., Stephen V. Bomse, Robert T. Haslam, Heller, Ehrman, White & McAuliffe, San Francisco, Cal., Warren H. Dunn, Vice President, Gen. Counsel, Miller Brewing Co., Milwaukee, Wis., Eugene J. T. Flanagan, Gen. Counsel, Philip Morris Incorporated, New York City, Peter J. Lettenberger, Quarles & Brady, Milwaukee, Wis., for petitioners.

Thomas Martin, Asst. U.S. Atty., Milwaukee, Wis., for respondent.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

Pursuant to Rule 6(e), Federal Rules of Criminal Procedure, the petitioners seek access to subpoenas issued by the United States attorney and documents produced in response to said subpoenas during the course of a grand jury investigation currently taking place in this district. For reasons which follow, I find that the instant petition should be denied.

## I. BACKGROUND

The petitioners, Falstaff Brewing Corp., and General Brewing Co., and S & P Co., are plaintiffs in an antitrust action currently pending against Philip Morris, Inc. and the Miller Brewing Co. in the northern district of California. The respondent, Ms. Kessler, is the United States attorney for the eastern district of Wisconsin and as such is the custodian of records subpoenaed by grand juries sitting in this district.

In a subpoena duces tecum, dated February 6, 1980, and directed to Ms. Kessler, the petitioners sought production of "all subpoenas, civil investigative demands and other requests for production of documents prepared and served by the U.S. Government or its agent or designee with respect to the Grand Jury Investigation of the Miller Brewing Company currently pending in Milwaukee, Wisconsin." The petitioners also sought all documents produced in response to such subpoenas and all other documents related to the grand jury investigation of the Miller Brewing Co.

In a letter response to the petitioners' subpoena, dated February 13, 1980, the United States attorney's office declined to produce the documents in question, stating that "an ongoing investigation would be impeded, even jeopardized, by the disclosure sought here." As a result the petitioners filed their instant petition on February 26, 1980, seeking a court order compelling the United States attorney to comply with the subpoena.

The petitioners and the respondent have filed briefs and affidavits with regard to the instant petition. Miller and Philip Morris have also submitted a brief on the issue at bar. Their standing in this matter is clearly established by recent precedent. *Douglas Oil Co. of California v. Petrol Stops*

*Northwest*, 441 U.S. 211 n.8, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979); *Illinois v. Sarbaugh*, 552 F.2d 768 (7th Cir.), cert. denied, 434 U.S. 889, 98 S.Ct. 262, 54 L.Ed.2d 174 (1977).

## II. LEGAL STANDARD UNDER RULE 6(e)

"Since the 17th century, grand jury proceedings have been closed to the public, and records of such proceedings have been kept from the public eye." *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 218 n.9, 99 S.Ct. 1667, 1672, 60 L.Ed.2d 156 (1979). Rule 6(e)(2), Federal Rules of Criminal Procedure, codifies the historical policy of secrecy with regard to grand jury matters:

"(2) General Rule of Secrecy.—A grand juror, an interpreter, a stenographer, an operator of a recording device, a typist who transcribes recorded testimony, an attorney for the government, or any person to whom disclosure is made under paragraph (3)(A)(ii) of this subdivision shall not disclose matters occurring before the grand jury, except as otherwise provided for in these rules. No obligation of secrecy may be imposed on any person except in accordance with this rule. A knowing violation of Rule 6 may be punished as a contempt of court."

Rule 6(e)(3) provides exceptions to this general rule of secrecy, including Rule 6(e)(3)(C) which states:

"(C) Disclosure otherwise prohibited by this rule of matters occurring before the grand jury may also be made—

(i) when so directed by a court preliminarily to or in connection with a judicial proceeding; . . ."

Parties seeking grand jury transcripts under Rule 6(e) "must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. at 222, 99 S.Ct. at 1674. Disclosure of such materials "is appropriate only in those cases where the need for it outweighs the public interest in secrecy, and . . . the burden of demonstrating this balance rests upon the private party seeking disclosure." Id. at 223, 99 S.Ct. at 1675. The Supreme Court has declared that the secrecy protected by Rule 6(e) "must not be broken except where there is a compelling necessity," which "must be shown with particularity." *United States v. Proctor & Gamble*, 356 U.S. 677, 682, 78 S.Ct. 983, 986, 2 L.Ed.2d 1077 (1958); *Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 399–400, 79 S.Ct. 1237, 1240–1241, 3 L.Ed.2d 1323 (1959).

The court of appeals for this circuit has held that the policy of grand jury secrecy has a more limited application to subpoenaed documents than it does to grand jury transcripts. *United States v. Stanford*, 589 F.2d 285, 291 (7th Cir. 1978); *State of Illinois v. Sarbaugh*, 552 F.2d 768, 772 n.2 (1977). However, the court of appeals has also indicated that disclosure of documents in evidence before a grand jury may at some point be precluded by Rule 6(e). *United States v. Stanford*, 589 F.2d at 291 n.6.

With these standards in mind, I now will examine the competing interests of secrecy and disclosure, in order to determine whether the instant petition should be granted.

## III. INTEREST IN SECRECY

The United States attorney as well as Miller and Philip Morris have argued that the traditional secrecy surrounding grand jury proceedings should preclude access to the subpoenaed documents in this case. The policies underlying this traditional secrecy were recently stated by the Supreme Court in *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. at 219, 99 S.Ct. at 1673:

"First, if preindictment proceedings were made public, many prospective witnesses would be hesitant to come forward voluntarily, knowing that those against whom they testify would be aware of that testimony. Moreover, witnesses who appeared before the grand jury would be

194

less likely to testify fully and frankly, as they would be open to retribution as well as to inducements. There also would be the risk that those about to be indicted would flee, or would try to influence individual grand jurors to vote against indictment. Finally, by preserving the secrecy of the proceedings, we assure that persons who are accused but exonerated by the grand jury will not be held up to public ridicule."

In the instant case, two factors strengthen the government's claim that the interest in grand jury secrecy is paramount. First, the grand jury investigating Miller is still in the process of its deliberations. Thus, the interest in keeping matters before this grand jury secret is now at its peak. *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. at 222, 99 S.Ct. at 1674.

Second, while the court of appeals for this circuit has noted that individual documents subpoenaed by a grand jury may have intrinsic value for purposes other than revealing what is occurring before the grand jury, *United States v. Stanford*, 589 F.2d at 291, the petitioners' subpoena requests all subpoenas issued for the grand jury and all documents in evidence before the grand jury. Such a broad request would reveal not only the information contained in specific documents, but the pattern of the grand jury's entire investigation.

In *Corona Construction Co. v. Ampress Brick Co.*, 376 F.Supp. 598, 601–02 (N.D.Ill. 1974), Judge Bauer barred disclosure of grand jury documents in response to a similarly broad request on the ground that such a request was tantamount to disclosing the grand jury's proceeding:

"It is clear from these two rules that the perfunctory production to a plaintiff in a civil action of documents either subpoenaed by the grand jury or voluntarily provided to the prosecution and used in the grand jury proceeding violates the traditional secrecy of the grand jury. Such production is, in effect, a disclosure of the grand jury proceeding and the identity of persons subpoenaed by the grand jury."

## IV. INTEREST IN DISCLOSURE

In support of their petition, the petitioners contend that their need for the subpoenaed documents is based on three factors:

"1. To secure accurate and truthful testimony of deposition or trial witnesses;

"2. To impeach or refresh witnesses' recollection; and

"3. To maintain balance between the parties relative to possession of relevant evidence or information."

While courts have recognized that these factors may justify release of grand jury materials, *see e. g., State of Illinois v. Sarbaugh*, 552 F.2d at 775–76, in the context of the instant case, the petitioners' mere listing of such factors does not meet their burden of showing a "particularized need" for the documents in question. In cases which have dealt with the question whether grand jury transcripts should be produced to secure accurate testimony or to refresh the memory of a witness, particular witnesses have been designated by the petitioner so that the court could examine the circumstances regarding the testimony of those particular witnesses and could limit disclosure of grand jury transcripts to those portions given by those particular witnesses. *See e. g., Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. at 222 n.12, 99 S.Ct. at 1694; *State of Illinois v. Sarbaugh*, 552 F.2d at 777; *State of Illinois v. Harper & Row Publishers, Inc.*, 50 F.R.D. 37 (N.D. Ill.1969).

In the instant case, however, the petitioners have conclusorily contended that production of the documents in question would be helpful in "jarring" the memories of witnesses. Moreover, the record indicates that the petitioners have requested and received thousands of documents from Miller, and in no case has production been refused on the ground that the materials were unavailable or would not be produced because of production to the grand jury.

My conclusion that the petitioners have not demonstrated a sufficient or "particu-

larized" need for the documents in question to justify violating the secrecy of an ongoing grand jury investigation is supported by the judge who is presiding over the petitioners' antitrust case against Miller and Philip Morris. Judge William W. Schwarzer stated on the record of that case on March 21, 1980:

> "Now, the *Douglas* case says that he [Judge Gordon] may consult, perhaps should consult, with me. And if he does, it will be my view that this is not proper discovery; that is, the grounds asserted here are not sufficient to warrant the waiver of the grand jury secrecy because my impression is that this is just simply an attempt to get the benefits of the government investigation and no grounds for waiving the secrecy of the grand jury have been shown. That is from the point of view of the judge responsible for the case. And that will be my advice and suggestion to Judge Gordon, if he asks me."

### V. CONCLUSION

For the reasons stated above, I find that the petitioners have not demonstrated that their need for the documents in question outweighs the interest in secrecy for matters regarding the ongoing grand jury investigation.

Therefore, IT IS ORDERED that the petition of Falstaff Brewing Corp., General Brewing Co. and S & P Co. for an order granting them access to grand jury documents be and hereby is dismissed.