**In re John DOE Grand Jury Proceedings.**

**Misc. No. 82–38.**

United States District Court,
D. Rhode Island.

April 27, 1982.

Lincoln C. Almond, U. S. Atty., James E. O'Neil, Asst. U. S. Atty., D. R. I., Providence, R. I., for the United States.

## OPINION

PETTINE, Chief Judge.

The United States Attorney petitioned this Court pursuant to Rule 6(e)(3)(C)(i) of

the Federal Rules of Criminal Procedure [1] for an order permitting him to disclose certain documents to the Criminal Division of the Attorney General of the State of Rhode Island for review and presentation to a Rhode Island grand jury. The documents in question were acquired by a federal grand jury during the course of investigating the above-entitled matter and are apparently still in its possession. In an Order dated April 13, 1982, this Court denied the government's petition. Because the problem of grand jury secrecy is a recurring one, the Court has decided to issue this Opinion to elaborate on the reasons for its decision.

 The Court's first concern in addressing this matter is whether the United

1. Rule 6(e) of the Federal Rules of Criminal Procedure provides that:

> Recording and Disclosure of Proceedings. (1) Recording of Proceedings.—All proceedings, except when the grand jury is deliberating or voting, shall be recorded stenographically or by an electronic recording device. An unintentional failure of any recording to reproduce all or any portion of a proceeding shall not affect the validity of the prosecution. The recording or reporter's notes or any transcript prepared therefrom shall remain in the custody or control of the attorney for the government unless otherwise ordered by the court in a particular case.
> (2) General Rule of Secrecy.—A grand juror, an interpreter, a stenographer, an operator of a recording device, a typist who transcribes recorded testimony, an attorney for the government, or any person to whom disclosure is made under paragraph (3)(A)(ii) of this subdivision shall not disclose matters occurring before the grand jury, except as otherwise provided for in these rules. No obligation of secrecy may be imposed on any person except in accordance with this rule. A knowing violation of Rule 6 may be punished as a contempt of court.
> (3) Exceptions.
> (A) Disclosure otherwise prohibited by this rule of matters occurring before the grand jury, other than its deliberations and the vote of any grand juror, may be made to—
> (i) an attorney for the government for use in the performance of such attorney's duty; and
> (ii) such government personnel as are deemed necessary by an attorney for the government to assist an attorney for the government in the performance of such attorney's duty to enforce federal criminal law.

> (B) Any person to whom matters are disclosed under subparagraph (A)(ii) of this paragraph shall not utilize that grand jury material for any purpose other than assisting the attorney for the government in the performance of such attorney's duty to enforce federal criminal law. An attorney for the government shall promptly provide the district court, before which was impaneled the grand jury whose material has been so disclosed, with the names of the persons to whom such disclosure has been made.
> (C) Disclosure otherwise prohibited by this rule of matters occurring before the grand jury may also be made—
> (i) when so directed by a court preliminarily to or in connection with a judicial proceeding; or
> (ii) when permitted by a court at the request of the defendant, upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury.
> If the court orders disclosure of matters occurring before the grand jury, the disclosure shall be made in such manner, at such time, and under such conditions as the court may direct.
> (4) Sealed Indictments.—The federal magistrate to whom an indictment is returned may direct that the indictment be kept secret until the defendant is in custody or has been released pending trial. Thereupon the clerk shall seal the indictment and no person shall disclose the return of the indictment except when necessary for the issuance and execution of a warrant or summons.

States Attorney should be authorized to deliver documents held by the grand jury to a third party when the third party has not requested production of the documents and has not demonstrated a legal right thereto. The Court believes that such authorization cannot be given. It must be remembered that the documents in question remain the property of the person who produced them despite the fact that they are currently in the hands of the grand jury. *United States v. Penrod,* 609 F.2d 1092, 1097 (4th Cir. 1979) (dicta), *cert. denied,* 446 U.S. 917, 100 S.Ct. 1850, 64 L.Ed.2d 271 (1980); *United States v. Interstate Dress Carriers, Inc.,* 280 F.2d 52, 54 (2d Cir. 1960). The grand jury is authorized to retain these documents only to further its investigation and in the usual case will be required to return the documents to their owner upon completion of its task. *Robert Hawthorne, Inc. v. Director of Internal Revenue,* 406 F.Supp. 1098, 1131–32 (E.D.Pa.1976).

▆ Given the grand jury's limited authority with respect to these documents, the Court believes that it would be improper for the grand jury to be used as an instrument to transfer these documents to a third party who has neither requested their production nor shown a legal right to obtain them. Rather, a party seeking production of documents held by the grand jury should be required to take the same steps which are necessary to obtain documents that are not in the possession of the grand jury. He must either secure consent to disclosure from the owner of the documents or obtain a court order granting him disclosure based on some legal right thereto.[2] *United States v. Penrod, supra,* at 1097; *United States v. Interstate Dress Carriers, Inc., supra,* at 54.

▆ In this case, because the United States Attorney is the party petitioning for disclosure, the State Attorney General has not been required to request production of the documents or to show a legal right to obtain such production. Such a request by

a party which is legally entitled to production of documents is a prerequisite to a judicial determination of whether documents held by the grand jury can be disclosed. *United States v. Monsour,* 508 F.Supp. 168, 169 (W.D.Pa.1981). Once such a request is made the court can proceed to determine whether the documents sought come within the scope of the grand jury secrecy provisions of Rule 6(e), and, if so, whether the requisite showing of particularized need has been made. Absent such a request, disclosure to a third party of documents held by the grand jury must be denied regardless of whether such documents come within the scope of Rule 6(e). Because no such request was made in this case, the petition of the United States Attorney was denied.

▆ A second procedural defect in the petition for disclosure also required denial of the petition. The United States Attorney sought to proceed *ex parte* in this matter, and did not serve notice on the owners of the documents that are the subject of the petition. The Court believes that this was not the proper procedure under the circumstances.

It must be acknowledged that there is some support in the legislative history of Rule 6(e) for the procedure adopted by the government in this case. The Senate Report on the 1977 amendments to Rule 6(e) states that, "It is contemplated that the judicial hearing in connection with an application for a court order by the government under subparagraph (3)(C)(i) should be *ex parte* so as to preserve, to the maximum extent possible, grand jury secrecy." S.Rep.No.354, 95th Cong., 1st Sess. 8, *reprinted in* [1977] U.S.Cong.Code & Ad.News 527, 532 (footnote omitted). However, courts which have reviewed this portion of the legislative history have rejected the notion that the Rule requires that all hearings on petitions for disclosure be conducted *ex parte*. *In re Grand Jury Investigation No.*

---

2. The party seeking production of the documents must take these steps regardless of whether or not the release of the documents would disclose matters occurring before the

grand jury so as to trigger the restrictions on disclosure established by Fed.R.Crim.P. 6(e). *United States v. Interstate Dress Carriers, Inc., supra* at 54.

78–184, 642 F.2d 1184, 1192 (9th Cir. 1981); *Petition of the United States for Disclosure of Grand Jury Matters (Miller Brewing Co.)*, 510 F.Supp. 585, 586–87 (E.D.Wis. 1981); *In re Grand Jury Matter*, 495 F.Supp. 127, 134 (E.D.Pa.1980).

■■■ It is important to realize that to a large degree "our legal institutions presuppose a preference for adversariness," in part because adversary proceedings facilitate informed decisionmaking. *In re Grand Jury Matter*, 495 F.Supp. at 134. Given this established tradition favoring adversary proceedings, an *ex parte* proceeding should be resorted to only when necessary to preserve grand jury secrecy. This secrecy will obviously not be threatened by giving notice and an opportunity to object to disclosure to the owners of documents held by the grand jury, inasmuch as these persons are already aware of both the documents' contents and the fact that such documents are being reviewed by the grand jury.[3] *In re Grand Jury Investigation No. 78–184*, 642 F.2d at 1192. Whether notice should be afforded to other persons when such notice might risk compromising grand jury secrecy is a far different question which will have to be decided on a case-by-case basis. *See id.* at 1192 (leaving to district court the decision whether to give notice and opportunity to be heard to grand jury targets with respect to documents with which they were familiar but did not own).

■ The final reason for denying the government's petition was that the Court was convinced that disclosure was not authorized under Rule 6(e) of the Federal Rules of Criminal Procedure. Rule 6(e) codifies the longstanding tradition of secrecy which has surrounded grand jury proceedings.[4] It provides that:

> A grand juror, an interpreter, a stenographer, an operator of a recording device, a typist who transcribes recorded testimony, an attorney for the government, or any person to whom disclosure is made under paragraph (3)(A)(ii) of this subdivision shall not disclose matters occurring before the grand jury, except as otherwise provided for in these rules. No obligation of secrecy may be imposed on any person except in accordance with this rule. A knowing violation of Rule 6 may be punished as a contempt of court. F.R.Crim.P. 6(e)(2).

■ There are a number of exceptions to the general rule of secrecy provided for in the Rule. The Rule provides that disclosure of matters other than the deliberations or vote of any grand juror may be made to an attorney for the government or to government personnel deemed necessary to assist in the enforcement of federal criminal law. F.R.Crim.P. 6(e)(3)(A). Disclosure of grand jury material may also be authorized "when so directed by a court preliminary to or in connection with a judicial proceeding." F.R.Crim.P. 6(e)(3)(C)(i). However, parties seeking disclosure under the latter provision must show a particularized need for the material. Specifically, they must satisfy

---

**3.** It seems certain that the owners of documents subpoenaed by the grand jury would have standing to object to their disclosure to other parties. *See Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 218 n.8, 99 S.Ct. 1667, 1672 n.8, 60 L.Ed.2d 156 (1979).

**4.** The Supreme Court recently summarized the interests protected by the rule of grand jury secrecy as follows:

> First, if preindictment proceedings were made public, many prospective witnesses would be hesitant to come forward voluntarily, knowing that those against whom they testify would be aware of that testimony. Moreover, witnesses who appeared before the grand jury would be less likely to testify fully and frankly, as they would be open to retribution as well as to inducements. There

also would be the risk that those about to be indicted would flee, or would try to influence individual grand jurors to vote against the indictment. Finally, by preserving the secrecy of the proceedings, we assure that persons who are accused but exonerated by the grand jury will not be held up to public ridicule.

*Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 219, 99 S.Ct. 1667, 1672, 60 L.Ed.2d 156 (1979) (footnote omitted). This Court has taken note of a further interest which is served by grand jury secrecy—the prevention of misuse of the federal grand jury to enforce laws other than federal criminal statutes. *In re Grand Jury Proceedings*, 445 F.Supp. 349, 350 (D.R.I.), *appeal dismissed*, 580 F.2d 13 (1st Cir. 1978).

the test set forth in *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 222, 99 S.Ct. 1667, 1674, 60 L.Ed.2d 156 (1979), which requires a showing that "the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed."

There has been no attempt in this case by the government to show that an order requiring disclosure of documents to the State Attorney General would be warranted under the *Douglas Oil* test. Instead, the United States Attorney argues that Rule 6(e) is not applicable to the documents which he wishes to turn over to the State Attorney General because mere disclosure of documents does not constitute disclosure of matters occurring before the grand jury within the meaning of Rule 6(e). Thus, the key question before the Court is whether disclosure of documents subpoenaed by a grand jury should be governed by the secrecy provisions of Rule 6(e).

There is an abundance of cases which address this question with a striking lack of unanimity.[5] Indeed, one can discern four different approaches to the question of whether disclosure of documents subpoenaed by the grand jury is governed by the secrecy provisions of 6(e). First, a few courts have suggested that subpoenaed documents are never subject to the disclosure restrictions of the Rule. *See, e.g., United States v. Weinstein*, 511 F.2d 622, 627 n.5 (2d Cir.), *cert. denied*, 422 U.S. 1042, 95 S.Ct. 2655, 45 L.Ed.2d 693 (1975); *Golden Quality Ice Cream Co. v. Deerfield Specialty Papers, Inc.*, 87 F.R.D. 53, 59 (E.D.Pa. 1980); *In re Grand Jury Investigation of Ven-Fuel*, 441 F.Supp. 1299, 1303 (M.D.Fla. 1977). Other courts have taken exactly the opposite position, holding that subpoenaed

documents should be treated the same as grand jury testimony and should be disclosed only if the requirements of Rule 6(e) are satisfied. Some courts in this group have simply treated documents as falling within the scope of 6(e) without comment or analysis. *See, e.g., Petrol Stops Northwest v. Continental Oil Co.*, 647 F.2d 1005 (9th Cir. 1981), *cert. denied*, —— U.S. ——, 102 S.Ct. 672, 70 L.Ed.2d 639 (1981); *Texas v. United States Steel Corp.*, 546 F.2d 626, 628 (5th Cir.), *cert. denied*, 434 U.S. 889, 98 S.Ct. 262, 54 L.Ed.2d 174 (1977); *In re Grand Jury Proceedings*, 309 F.2d 440, 443 (3d Cir. 1962); *Petition of the United States for Disclosure of Grand Jury Matters (Miller Brewing Co.)*, 518 F.Supp. 163, 168 (E.D. Wis.1981); *United States v. Climatemp, Inc.*, 482 F.Supp. 376, 388 (N.D.Ill.1979). Other courts taking this position have recognized that an argument can be made that subpoenaed documents should be more readily subject to disclosure than transcripts of testimony, but have held that the better view is to treat both transcripts and documents as being subject to Rule 6(e) in all cases. *See, e.g., In re Grand Jury Investigation of Cuisinarts, Inc.*, 516 F.Supp. 1008, 1022 n.17 (D.Conn.), *aff'd*, 665 F.2d 24 (2d Cir. 1981); *Index Fund, Inc. v. Hagopian*, 512 F.Supp. 1122, 1128 (S.D.N.Y.1981); *In re Grand Jury Which Presented Criminal Indictments 76–149 and 77–72*, 469 F.Supp. 666, 671 (M.D.Pa.1978).

A third approach was developed in *United States v. Interstate Dress Carriers, Inc.*, 280 F.2d 52 (2d Cir. 1960). In that case, the Interstate Commerce Commission sought access to certain records which had been subpoenaed by a federal grand jury, and the owner of the records objected to disclosure on the basis of Rule 6(e). The court held that in some cases a request for disclosure of documents held by the grand jury might be subject to the secrecy provisions

---

**5.** The Court confesses that its own decisions in this area may not be completely consistent in their approach to this problem. *Compare In re Search Warrant for Second Floor Bedroom*, 489 F.Supp. 207, 211 (D.R.I.1980) (dicta) (release of subpoenaed documents not governed by Rule 6(e) if documents are sought for legitimate pur-

pose and not in an attempt to penetrate grand jury secrecy) *with In re Grand Jury Investigation of Andrew Panteleakis*, Misc. No. 79–30, unpublished op. at 2 (Sept. 28, 1979) (assuming without discussion that Rule 6(e) governs the disclosure of documents and records subpoenaed by the grand jury).

of the Rule. *Id.* at 54. However, the court stated that:

> [I]t is not the purpose of the Rule to foreclose from all future revelation to proper authorities the same information or documents which were presented to the grand jury. Thus, when testimony or data is sought for its own sake—for its intrinsic value in the furtherance of a lawful investigation—rather than to learn what took place before the grand jury, it is not a valid defense to disclosure that the same information was revealed to a grand jury or that the same documents had been, or were presently being, examined by a grand jury.

*Id.* at 54.

Many courts have followed this approach and have held that the release of documents subpoenaed by the grand jury requires only the showing of a legitimate purpose by the party seeking disclosure. *See, e.g., In re Grand Jury Proceedings,* 505 F.Supp. 978, 982 (D.Me.1981) (disclosure authorized where documents were sought to further lawful investigation, not for purpose of learning what took place before grand jury); *S. E. C. v. Everest Management Corp.,* 87 F.R.D. 100, 105 (S.D.N.Y.1980); *Brink v. DaLesio,* 82 F.R.D. 664, 668–69 (D.Md.1979); *United States v. Saks & Co.,* 426 F.Supp. 812, 814–15 (S.D.N.Y.1976); *Capitol Indemnity Corp. v. First Minnesota Construction Co.,* 405 F.Supp. 929, 931 (D.Mass.1975).

A fourth approach may be discerned in recent decisions by the Third, Seventh and District of Columbia Circuits. *See In re Special February 1975 Grand Jury,* 662 F.2d 1232, 1243 (7th Cir. 1981) (2–1 decision); *Fund For Constitutional Government v. National Archives and Records Service,* 656 F.2d 856, 869–70 (D.C.Cir.1981); *In re Grand Jury Investigation,* 630 F.2d 996, 1001 (3d Cir. 1980). These decisions call for a factual inquiry into whether disclosure of particular subpoenaed documents will tend to reveal some secret aspect of the grand jury's investigation. In making this inquiry, it is important to keep in mind that the scope of grand jury secrecy is quite broad, encompassing "not only the direct revelation of grand jury transcripts but also the disclosure of information which would reveal 'the identities of witnesses or jurors, the substance of testimony, the strategy or direction of the investigation, the deliberations or questions of the jurors, and the like.'" *Fund for Constitutional Government v. National Archives and Records Service,* 656 F.2d at 869 (quoting *S. E. C. v. Dresser Industries, Inc.,* 628 F.2d 1368, 1382 (D.C.Cir.) (en banc), *cert. denied,* 449 U.S. 993, 101 S.Ct. 529, 66 L.Ed.2d 289 (1980). If disclosure of documents subpoenaed by the grand jury will tend to reveal any of these confidential aspects of the grand jury investigation, Rule 6(e) is applicable and its requirements must be satisfied. By contrast, if release of the subpoenaed documents will not reveal the inner workings of the grand jury or compromise grand jury secrecy, Rule 6(e) is not applicable and the documents can be disclosed to any person having a legal right to their production. *Fund For Constitutional Government v. National Archives and Records Service,* 656 F.2d at 870; *In re Grand Jury Investigation,* 630 F.2d at 1001.

The Court will consider the merits of these four approaches in turn. In the Court's opinion, the first approach, which holds that subpoenaed documents are never subject to the secrecy provisions of Rule 6(e), is seriously inconsistent with the long-standing rule of grand jury secrecy. This per se approach would be justified only if it were clear that release of grand jury subpoenaed documents would never disclose "matters occurring before the grand jury" within the meaning of Rule 6(e). However, this is simply not the case. As several courts have observed, an examination of all documents subpoenaed and reviewed by the grand jury can reveal a great deal about the nature, scope and purpose of a secret grand jury investigation. *See, e.g., In re Grand Jury Impanelled October 2, 1978,* 510 F.Supp. 112, 115 (D.D.C.1981); *Falstaff Brewing Corp. v. Kessler,* 489 F.Supp. 191, 194 (E.D.Wis.1980). And it is clear that such things as the scope and direction of the grand jury investigation constitute "mat-

ters occurring before the grand jury," and are therefore protected from disclosure by the provisions of Rule 6(e). *S. E. C. v. Dresser Industries, Inc.*, 628 F.2d 1368, 1382 (D.C.Cir.) (en banc), *cert. denied*, 449 U.S. 993, 101 S.Ct. 529, 66 L.Ed.2d 289 (1980).

The problem with an approach which always permits release of subpoenaed documents is therefore obvious. Such an approach in certain cases will lead to disclosure of secret aspects of a grand jury investigation without a showing of particularized need. Because this result is plainly at odds with the language and purpose of Rule 6(e), the Court finds that it must reject this approach.

■ The Court finds similar problems with the second approach which holds that disclosure of documents subpoenaed by the grand jury must always be subject to the secrecy limitations of Rule 6(e). The factual premise underlying this alternative per se approach is that releasing documents subpoenaed by the grand jury will in every case disclose "matters occurring before the grand jury". The Court believes this premise to be inaccurate. Consider as an example the case of a civil litigant who subpoenas a specified document from another party, only to be informed by that party that the document sought cannot be produced because it is in the possession of a federal grand jury.[6] In such a case, where the litigant is already aware of the existence of the subpoenaed document and the fact that it is being reviewed by the grand jury, the release of the document to the litigant will reveal little about the nature and scope of the grand jury investigation that is not already known. *See Capitol Indemnity Corp. v. First Minnesota Construction Co.*, 405 F.Supp. 929, 931 (D.Mass. 1975) (where plaintiff had requested production of specific documents which government had already acknowledged as being in grand jury's possession, no threat to grand jury secrecy existed); *Davis v. Romney*, 55 F.R.D. 337, 341 (E.D.Pa.1972) (where all local FHA records were in possession of grand jury, disclosure of records could be made to plaintiffs without threatening grand jury secrecy because disclosure would not reveal specific acts, thoughts or focus of grand jury).

Given the fact that there are some cases, such as the one described above, where release of documents held by the grand jury will not disclose matters occurring before the grand jury, resort to a per se rule requiring a party seeking disclosure of documents to satisfy the requirements of Rule 6(e) in all cases is inappropriate. Such an approach will have the effect in certain cases of unduly frustrating discovery without safeguarding grand jury secrecy to any significant degree.[7] *See* Comment, *Civil Discovery of Documents Held by a Grand Jury*, 47 U.Chi.L.Rev. 604, 613 (1980). The Court therefore declines to adopt the second approach because it sweeps too broadly, and imposes unnecessary limitations on the disclosure of documents.

The third approach discussed above holds that documents in possession of the grand jury are not subject to the secrecy limitations of Rule 6(e) if they are sought for their own sake in furtherance of a lawful

---

**6.** This disclosure would not violate Rule 6(e) because the Rule imposes no obligation of secrecy on witnesses. Fed.R.Crim.P. Rule 6(e) advisory committee note. Thus, a witness remains free to reveal the fact that he has produced certain documents pursuant to a grand jury subpoena. *In re Grand Jury Subpoena, East National Bank of Denver*, 517 F.Supp. 1061, 1066 (D.Colo.1981); *In re Vescovo Special Grand Jury*, 473 F.Supp. 1335, 1336 (C.D. Cal.1979). *But see In re Swearingen Aviation Corp.*, 486 F.Supp. 9, 11 (D.Md.), *mandamus denied for lack of standing*, 605 F.2d 125 (4th Cir. 1979) (court has supervisory power to order witness not to reveal whether it has re-

ceived a grand jury subpoena or the contents thereof).

**7.** The second approach might be justified if the Court believed that there was an overriding need to protect grand jury secrecy and that it would be difficult to determine in any given case whether release of subpoenaed documents would lead to disclosure of matters occurring before the grand jury. As is discussed below, the Court believes that it is possible to determine accurately whether the release of documents will disclose matters occurring before the grand jury. It thus finds it unnecessary to resort to a per se rule.

investigation, and not merely to determine what transpired before the grand jury. The Court also finds this approach highly problematic. As a logical matter it seems somewhat anomalous to determine whether subpoenaed documents will disclose matters occurring before the grand jury based on the purpose of the party seeking disclosure. The mere fact that a party is seeking access to the documents for their own sake to further a legitimate investigation is hardly a guarantee that the same party will not be able to learn a great deal from the documents about matters occurring before the grand jury. This is particularly true because, as one commentator has observed, "Many parties seek to obtain documents held by grand juries because of their intrinsic value, but nonetheless would be delighted to learn what had transpired before the grand jury. Knowledge of what has taken place in the grand jury proceedings might have a substantial bearing on a pending civil or regulatory case, or might lead the party to new and valuable evidence." Comment, *supra*, 47 U.Chi.L.Rev. at 612.

The Court concludes that the purpose test set forth in *Interstate Dress Carriers* must be rejected because it provides insufficient protection for grand jury secrecy.[8] The Court agrees with the recent observation of the Seventh Circuit with respect to this approach: "If that is all there is to the test, grand jury secrecy would be seriously eroded by being sacrificed to the alleged need for the documents by someone else and the power of a grand jury could be misused. The policies favoring grand jury secrecy in most instances must still be given due weight." *In re Special February, 1975 Grand Jury*, 662 F.2d 1232, 1243–44 (7th Cir. 1981) (2–1 decision).

Having rejected the first three approaches, it should be obvious that the Court believes that the fourth approach constitutes the proper method of determining when documents held by the grand jury should be released. This approach requires a Court to determine if release of the documents will disclose some secret aspect of matters occurring before the grand jury.[9] If such disclosure will occur, the court must then determine if one of the exceptions to the general rule of grand jury secrecy embodied in Rule 6(e) is applicable. If such disclosure will not occur, then the documents may be released to any party having a legal right to their production.

This approach accords with both the language and purpose of Rule 6(e). The Rule by its terms limits only the disclosure of matters occurring before the grand jury. If a court determines as a factual matter that release of documents subpoenaed by the grand jury will not involve such a disclosure, the language of the Rule suggests that its secrecy limitations should not apply. Similarly, if release of certain documents will not jeopardize grand jury secrecy, the purpose of Rule 6(e) will not be undermined by permitting disclosure. The only problem with this approach is that it requires the court to estimate what a third party will learn about secret grand jury proceedings if a particular set of documents is turned over to him, and this may prove to be a difficult factual inquiry.

In making this factual inquiry, it is important to note that the results of most cases in this area can be explained by a critical factual distinction. Cases in this area involve two different types of requests for production of documents. The first type consists of a request for specific documents which are identified or described independent of any reference to the grand

---

**8.** The Court notes that the precedential value of *Interstate Dress Carriers* has even been questioned by a district court in the Second Circuit. See *Index Fund, Inc. v. Hagopian*, 512 F.Supp. 1122, 1128 (S.D.N.Y.1981).

**9.** Some courts have accorded even broader protection to grand jury secrecy, holding that Rule 6(e) applies to anything *which may tend to*

*reveal* what transpired before the grand jury. *In re Grand Jury Investigation*, 610 F.2d 202, 216 (5th Cir. 1980); *United States v. Armco Steel Corp.*, 458 F.Supp. 784, 789 (W.D.Mo. 1978). This Court rejected this test as overly broad in *In re Search Warrant for Second Floor Bedroom*, 489 F.Supp. 207, 211 (D.R.I.1980). I continue to adhere to that position.

jury. The second type consists of a more generalized request for all documents reviewed by the grand jury. In most cases involving requests of the first type, courts have held that the request for disclosure is not subject to the secrecy limitations of Rule 6(e). *See, e.g., S. E. C. v. Dresser Industries, Inc.,* 628 F.2d 1368, 1383 (D.C. Cir.) (en banc), *cert. denied,* 449 U.S. 993, 101 S.Ct. 529, 66 L.Ed.2d 289 (1980); *Brink v. DaLesio,* 82 F.R.D. 664, 669 (D.Md.1979); *Capitol Indemnity Corp. v. First Minnesota Construction Co.,* 405 F.Supp. 929, 931 (D.Mass.1975); *Davis v. Romney,* 55 F.R.D. 337, 341–42 (E.D.Pa.1972). By contrast, most courts have held that requests of the second type are subject to the limitations of Rule 6(e), and may only be granted upon a showing of particularized need.[10] *See, e.g., United States v. Stanford,* 589 F.2d 285, 291 n.6 (7th Cir. 1978), *cert. denied,* 440 U.S. 983, 99 S.Ct. 1794, 60 L.Ed.2d 244 (1979); *Board of Education v. Admiral Heating & Ventilation, Inc.,* 513 F.Supp. 600, 604 (N.D. Ill.1981); *In re Grand Jury Impanelled October 2, 1978,* 510 F.Supp. 112, 115 (D.D.C. 1981); *In re Grand Jury Investigation Which Presented Criminal Indictments 76–149 and 77–72,* 469 F.Supp. 666, 671 (M.D. Pa.1978).

In the Court's opinion, this distinction makes eminently good sense. Requests of the first type will normally pose little danger of revealing matters occurring before the grand jury, because the party seeking the documents will already be aware of the identity of the documents and the fact that they are being reviewed by the grand jury prior to making his request. Release of the documents in this situation will not disclose any additional information as to why the grand jury subpoenaed the documents or what conclusions were reached in reviewing them. On the other hand, requests of the second type, which seek access to all documents reviewed by the grand jury, will, if granted, "reveal not only the information contained in specific documents, but the pattern of the grand jury's entire investigation." *Falstaff Brewing Corp. v. Kessler,* 489 F.Supp. 191, 194 (E.D.Wis.1980). This would constitute disclosure of matters occurring before the grand jury, and may not be authorized absent a showing of particularized need.

 This critical distinction can be used to simplify the factual inquiry called for by the fourth approach discussed above. The general rule should be that requests which call for production of all documents in the possession of the grand jury should be treated as requiring disclosure of matters occurring before the grand jury, and should only be granted if the test of particularized need set forth in *Douglas Oil* is satisfied. Requests which call for production of specific documents which are identified independent of any reference to the grand jury normally should be considered as not disclosing matters occurring before the grand jury, and therefore should not be subject to Rule 6(e)'s secrecy limitations. At the very least, when such a request is made the burden should shift to the party objecting to disclosure to show that release of the specific documents sought will disclose matters occurring before the grand jury. *See In re Grand Jury Investigation,* 630 F.2d 996, 1001 (3d Cir. 1980) (where specific documents are sought for investigation into matters different from that before grand jury, party objecting to production must prove disclosure will jeopardize grand jury secrecy before Rule 6(e) secrecy limitations will be applied). Resort to these general guidelines should make the factual inquiry called for by the fourth approach manageable.

Applying these principles to the petition for disclosure which was before the Court, it is clear why the Court was required to deny the petition on its merits. The United

---

**10.** Unfortunately, this distinction does not explain the results reached in all of the cases in this area. *Compare In re Special February, 1975 Grand Jury,* 662 F.2d 1232 (7th Cir. 1981) (2 1 decision) (denying release of documents specifically identified without reference to the grand jury) *with United States v. Saks & Co.,* 426 F.Supp. 812 (S.D.N.Y.1976) (granting disclosure of all documents subpoenaed by the grand jury in connection with a particular investigation).

States Attorney sought to turn over to the State Attorney General a large number of documents obtained by the federal grand jury in connection with a particular investigation. Release of these documents would probably reveal much about the scope and focus of the grand jury's investigation. Granting the request would therefore disclose matters occurring before the grand jury, and this is prohibited by Rule 6(e) absent a showing of particularized need. Because no such need was demonstrated in the petition, the petition was denied.

The Court remains willing to entertain a subsequent petition for disclosure from the State Attorney General if proper notice and an opportunity to object is given to the owners of the documents for which disclosure is sought.[11] The Court notes, however, that the United States Attorney is limited in the amount of assistance which he can provide the State Attorney General in preparing his petition. Specifically, the United States Attorney may not disclose matters occurring before the grand jury, and this includes the identity of grand jury witnesses and the contents of grand jury subpoenas. *Board of Education v. Admiral Heating and Ventilation, Inc.*, 513 F.Supp. 600, 604 (N.D.Ill.1981); *United States v. White Ready-Mix Concrete Co.*, 509 F.Supp. 747, 750 (N.D.Ohio 1981); *Fund For Constitutional Government v. National Archives and Records Service*, 485 F.Supp. 1, 12 (D.D. C.1978), *aff'd in relevant part*, 656 F.2d 856 (D.C.Cir.1981); *Corona Construction Co. v. Ampress Brick Co.*, 376 F.Supp. 598, 602–03 (N.D.Ill.1974); *Minnesota v. United States Steel Corp.*, 44 F.R.D. 559, 579–80 (D.Minn. 1968); *In re California*, 195 F.Supp. 37, 40 (E.D.Pa.1961). *Contra In re Petition For Disclosure of Evidence*, 184 F.Supp. 38, 41 (E.D.Va.1960) (identity of grand jury witnesses is matter of public record).

It is unfortunate in this case that the policy of grand jury secrecy may preclude close cooperation between federal and state law enforcement officials. However, this is the necessary result of having a grand jury which is authorized to investigate only violations of federal law, the proceedings of which are cloaked in secrecy. As another district court has correctly observed, "A federal court does have an obligation to cooperate with state officials in the proper enforcement of state law, but the court must balance the great interest in grand jury secrecy against the goal of a just result in a possible state judicial proceeding." *In re Grand Jury Proceedings*, 483 F.Supp. 422, 424 (E.D.Pa.1979). In the case of the petition before the Court, the policy of grand jury secrecy must prevail.

An order will be prepared accordingly.

---

**11.** The Court realizes that difficulties may arise because the documents at issue are sought in connection with a state grand jury investigation. In particular, the Court is concerned that the State Attorney General may find it difficult to show a particularized need for the documents without jeopardizing the secrecy of the state grand jury proceedings. The Court may decide to modify any adversary proceeding conducted in connection with a petition for disclosure by the State Attorney General so as to preserve to the greatest extent possible the secrecy of the state grand jury proceedings. The Court, however, need not decide at this point what modifications, if any, will be necessary.